HANSEN, APPELLEE, *v.*
HANSEN, APPELLANT.

(No. 13-84-6—Decided March 6, 1985.)

*Margaret K. Weaver,* for appellee.
*Richard A. Kahler,* for appellant.

COLE, J. This is an appeal by the defendant-mother of a judgment entered by the Seneca County Court of Common Pleas, by which custody of the children of the parties was granted to the plaintiff-father.

On October 1, 1980, the plaintiff, Robert Hansen, filed a complaint for divorce against defendant, Barbara Hansen. Originally, the court granted temporary custody of the children to the plaintiff. Temporary custody was later modified and granted to the defendant during the pendency of the case. On July 16, 1982, the lower court entered its decree granting a divorce to the defendant, finding that the plaintiff had been guilty of gross neglect of duty. The court then placed custody of the children with the defendant-mother. Additionally, the court ordered the plaintiff-father to pay child support and alimony.

The plaintiff filed a motion for modification of custody, support and alimony pending appeal on July 22, 1982. The court overruled the motion until an investigation was completed. On February 11, 1983, the plaintiff again filed a motion to have the custody changed to himself. The court heard the motion on February 6, 1984. The defendant objected to the court's jurisdiction because the requirements of service of process under Civ. R. 75 had not been met. The court found that it had jurisdiction and proceeded, ultimately awarding custody to the plaintiff-father.

The defendant appeals this judgment claiming four assignments of error.

### Assignment of Error No. 1

"The trial court was without in personam jurisdiction as to defendant-appellant because plaintiff-appellee failed to comply with the jurisdictional requirements of Civil Rule 75(I)."

### Assignment of Error No. II

"The trial court erred by not adhering to the procedural requirements of Section 3109.04(A) of the Ohio Revised Code in obtaining the two oldest sons' choice of custodial parent."

### Assignment of Error No. III

"The trial court erred in not adhering to requisites for testimonial evidence by interviewing those children under 12 years of age in camera (in chambers) without a record being taken of the interview and without requiring an oath or affirmation of said children and without allowing defendant-appellant to be present to enable her to see and hear the children as witnesses and to cross-examine

them, all being a denial of constitutional due process rights."

### Assignment of Error No. IV

"The trial court erred in failing to sustain defendant's written objection to plaintiff's February 11, 1983 motion for change of custody."

The first and fourth assignments of error are interrelated, will be considered together, and are dispositive of this appeal.

The defendant asserts that when the plaintiff filed his motion to change custody, he gave no instructions to the clerk for service of process, and no service by certified mail on the defendant was attempted or accomplished. The defendant argues that Civ. R. 75(I) requires that notice be served before continuing jurisdiction of the court can be invoked. The defendant filed her objection to the court's jurisdiction because of the lack of service on February 16, 1983. Also, when the motion came to be heard, the defendant entered an objection to the court's jurisdiction under Civ. R. 75.

Civ. R. 75(I) provides:

"(I) Continuing jurisdiction. The continuing jurisdiction of the court shall be invoked by motion filed in the original action, notice of which shall be served in the manner provided for the service of process under Rule 4 through Rule 4.6. When the continuing jurisdiction of the court is invoked pursuant to this subdivision, the discovery procedures set forth in Rule 26 through Rule 37 shall apply."

It is clear from the language of the rule that in order to invoke the continuing jurisdiction of the court, service must be made as provided by Civ. R. 4 through 4.6. Under Civ. R. 4, the defendant must be served. In the present case, plaintiff did not serve the defendant, but served notice of his motion on the defendant's attorney. Further, the defendant timely objected to the lack of personal jurisdiction. Thus, the lower court had no continuing jurisdiction which was properly invoked.

Plaintiff argues that service was proper under Civ. R. 5. Civ. R. 5 allows the attorney to receive service of pleading and other papers subsequent to the original complaint. However, examining Civ. R. 75(A) closely, it is evident that the plaintiff's argument is not well-taken.

Civ. R. 75(A) provides:

"(A) Applicability. These Rules of Civil Procedure shall apply in actions for divorce, annulment, alimony and related proceedings, with the modifications or exceptions set forth in this rule."

Under Civ. R. 75(A), the other Civil Rules apply to domestic relations cases except if modified by Civ. R. 75(B) through (N). Civ. R. 75(I) designates the manner of service of process necessary to invoke the continuing jurisdiction of the court, thereby nullifying the applicability of Civ. R. 5. Since Civ. R. 75(I) governs instead of Civ. R. 5, the service on the defendant's attorney was not adequate to invoke continuing jurisdiction.

In *Yonally* v. *Yonally* (1974), 45 Ohio App. 2d 122 [74 O.O.2d 134], the court held that, under Civ. R. 75, service on the defendant's attorney, but not on the defendant, was inadequate to invoke the court's continuing jurisdiction. Service must be made in the manner prescribed in Civ. R. 4 through 4.6.

In *Martino* v. *Martino* (Apr. 24, 1981), Union App. No. 14-80-15, unreported, this court stated:

"It is clear from the record no such notice [as required by Civil Rule 75(I)] was here accomplished. Appellee asserts notice was given by mail to the attorney for the appellant. This is not provided for in Civil Rule 4 through 4.6. * * * This is subject to two difficulties:

"a. Under Civil Rule 75(I) no provision is made for service under Civil Rule 5.

"b. The record fails to establish any such service and cannot be supplemented by supplemental material ap-

pended to briefs, but not part of the record. * * *"

Having concluded that the lower court had no jurisdiction due to the plaintiff's failure to follow Civ. R. 75(I), we find that the defendant's objection to the court's jurisdiction on February 16, 1983, should have been sustained.

Appellee further asserts that continuing jurisdiction of the trial court had already been effectively invoked by two prior motions of the plaintiff, one for contempt and one to enforce child support. However, these prior motions involved the continuing jurisdiction of the court *only* as to the subject matter therein involved. Custody was not involved in either motion, only child support. To effectively invoke jurisdiction as to this subject, service in accordance with Civ. R. 75(I) was required and, as noted, was not so accomplished.

Assignments of Error Nos. I and IV are well-taken.

Defendant sets forth two additional assignments of error. In *In re James* (Dec. 24, 1981), Henry App. No. 7-80-10, unreported, this court stated:

"Appellant has set forth three additional assignments of error in her appeal and this court is aware of the requirement of Appellate Rule 12(A) which provides that all errors assigned and briefed shall be passed upon by the court in writing, stating the reasons for the court's decision as to such error.

"Since, however, the trial court here was without jurisdiction in the matter, any action taken by it was erroneous and, for that reason alone, the remaining assignments of error are well-taken."

We again adopt this reasoning in the case *sub judice.* Since the service of process was defective under Civ. R. 75(I), the lower court had no jurisdiction over the defendant, and continuing jurisdiction over matters of custody was not invoked. Any action taken by it was erroneous.

Therefore, any further acts of the court exceeded its jurisdiction and the assignments of error are necessarily well-taken.

The judgment of the trial court is reversed and this cause is remanded to that court with instructions to overrule the motion of the plaintiff-appellee for want of jurisdiction.

*Judgment reversed
and cause remanded.*

GUERNSEY, P.J., and MILLER, J., concur.