DECISION
Defendant-appellant, David Ronald Weaver, appeals a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, vacating a November 18, 1988 judgment entry for insufficient service and notice to plaintiff-appellee, Varanee Elm Weaver n.k.a. Inkanangkul. Appellant presents the following two assignments of error for review:
 I. THE TRIAL COURT ERRED IN FINDING THAT THE SERVICE OF PROCESS BY CERTIFIED MAIL ON THE PLAINTIFF WAS DEFECTIVE.
 II. THE TRIAL COURT ERRED FINDING THAT THE REQUIREMENTS OF RULE 60(B) HAD BEEN MET ENTITLING THE PLAINTIFF TO RELIEF.
The parties were divorced in February 1984; appellee was granted custody of the parties' two minor children, subject to reasonable visitation with appellant. Appellant was ordered to pay child support of $40 per week, per child; additionally, appellant was ordered to pay child support of $20 per week for five years for another son of appellee's for whom appellant had assumed a support obligation. In May 1984, the court modified visitation and ordered that the minor children were not to be removed from the court's jurisdiction without permission.
On September 9, 1988, appellant filed a motion pursuant to Civ.R. 60(B) or, alternatively, pursuant to R.C. 3109.05, asking the court for an order vacating the order that he pay child support effective April 5, 1984, or, in the alternative, suspending any possible accrual of child support until appellee complied with previous orders of the court. Appellant served a copy of the motion on appellee by means of certified mail posted on September 22, 1988, and addressed to "VARANEE EIM [sic] INKANANGKUL `WEAVER' C/O 1046 NAKONCHAISEE RD P.O. BOX 3-105, DUSIT BANGKOK, THAIL." The return receipt indicates that it was signed on October 17, 1988; however, the name of the person who signed it is illegible.
On November 18, 1988, the trial court issued a judgment entry adopting the referee's report and overruling appellant's motion for relief from judgment, pursuant to Civ.R. 60(B), but suspending accrual of any child support arrearages effective April 5, 1984, until appellee returned the children to the jurisdiction of the court. "At that time, defendant'[s] liability for child support since that date maybe [sic] determined upon the filing of an appropriate motion." The referee's report included findings of fact that appellee did not appear at the hearing and that service of process was perfected upon appellee, pursuant to Civ.R. 4, by certified mail. The referee also found that appellee moved to Thailand with the minor children shortly after the April 5, 1984 order, appellee was a citizen of Thailand and, to the best of appellant's knowledge, she continued to reside there with the children.
On January 27, 1999, appellee filed an amended motion to vacate the judgment entry concerning the suspension of child support pursuant to Civ.R. 60(B).
A hearing on appellee's motion was held before a magistrate on May 14, 1999. Appellee testified at this hearing, and stated that, in November 1984, she and the children went to live at her mother's house in Thailand at 1038 Nakonchaisee Road, Dusit, Bangkok. Appellee's mother's house in Bangkok was part of a family compound consisting of several buildings whose street numbers were 1036 through 1048, and included 1046. The buildings in the compound that were on the street housed businesses run by appellee's brothers. Appellee's mother's house was behind the business buildings. Appellee testified that her mother's house had its own mail box and that there was no post office box.
Appellee left her children with her mother in Thailand and returned to the United States in November 1985, where she lived in Florida. Appellee did not return to Thailand until June 1988, when she went to visit her children at her mother's. Appellee's passport established that she went to Bangkok on June 27, 1988, and returned to the United States on September 26, 1988.
Appellee denied receiving service of the motion. Appellee testified that her address before and after her trip to Thailand, in 1988, was 3205 Apt G, Chipper Lake Lane. She testified that she had lived at this address for a year at this time. A letter from appellee to her former attorney indicates that this address is actually Whisper Lake Lane, Winter Park, FL 32792. Appellee testified that appellant knew she was in the United States and had her work number and home phone number at her Chipper Lake address, and called her at it in 1987 and 1988. Appellee did not testify that appellant had her address.
Appellee testified that she learned of the September 9, 1988 motion for the first time in 1997, when she attempted to enforce her child support order.
Appellant and his family traveled to Bangkok in July 1988, to visit his children. When appellant arrived at the compound, he saw his children, but testified they were quickly picked up and moved to the back of the compound, and appellant was not permitted to see them. Appellant also spoke to appellee at this time in front of the compound. Appellant believed that appellee traveled to Thailand when she learned of his plans to visit the children. Appellant had sent appellee a message to her brother's office in Thailand of his planned trip to Bangkok, and had apparently spoken to her in Florida before his departure. Appellant explained that all communications with appellee, except telephone calls, had to go through Thailand because appellee did not allow anyone to have her Florida address. Appellant testified that he had previously visited the family compound in Thailand, and that all the mail to the compound went to 1046 Nakonchaisee Road. Appellant vehemently denied knowing appellee's address in Florida, other than that it was in the Orlando area; however, appellant did know appellee's telephone number. Appellant did not indicate what effort, if any, he made to learn appellee's address in Florida.
Appellant stated that, to the best of his knowledge, at the time the motion was filed he believed appellee's address was in Thailand. Appellant testified that he had spoken to appellee and suggested that she give him custody of the children since she was in Florida and they were in Thailand. Appellee allegedly responded that "she was going to come back to Thailand." Additionally, when appellee blocked appellant's attempts to visit the children in Bangkok, he testified she told him she was going to stay in Thailand with the children.
Appellant also testified that he had direct contact with appellee several times after the November 1988 hearing on his Civ.R. 60(B) motion and that she was aware of the court's ruling on the motion.
The magistrate noted that the certified mail return receipt was signed by a person other than appellee on October 17, 1988, after appellee had returned to the United States, that the building number of the service address was not for the building where appellee's mother resided, and that there was no post office box at the compound. The magistrate also found no evidence that service of the motion was forwarded to appellee, who had testified that she had no notice or knowledge of the 1988 proceedings until 1997.
Citing Civ.R. 75(J), the magistrate stated that all motions must be served in accordance with Civ.R. 4 through 4.6, and that service must be issued to a party where it would be reasonably calculated that the party would receive notice of the proceeding and have an opportunity to respond. The magistrate found:
 * * * While defendant may have had good reason to believe that service could be obtained on plaintiff in Thailand, the address was defective in that the street number was inaccurate and there was no P.O. Box at that location. Further, plaintiff was not physically present at the address when the service was received, and there is nothing to indicate that anyone at the address ever attempted to see that plaintiff was made aware of the service, or that they even had a duty to do so. Accordingly, the magistrate finds that service upon plaintiff for the 1988 proceedings was insufficient and that the order suspending the accrual of arrears should be vacated.
The magistrate ordered that the November 18, 1988 judgment entry be vacated for insufficient service and notice to appellee.
Appellant objected to the magistrate's decision. Following a hearing on the objections, the trial court issued a decision overruling appellant's objections and ordering the parties to comply with the magistrate's decision.
Under his first assignment of error, appellant asserts that the trial court erred when it found that service of process by certified mail on appellee was defective.
When a party files a Civ.R. 60(B) motion in a domestic relations court, Civ.R. 5 governs service of the 60(B) motion.McCort v. McCort (July 20, 1989), Cuyahoga App. No. 55521, unreported. However, appellant's motion was not solely a Civ.R. 60(B) motion, appellant alternatively asked the court to suspend accrual of child support pursuant to R.C. 3109.05. Thus, appellant essentially sought a modification of the child support order. A request for modification of child support invokes the continuing jurisdiction of the domestic relations court. Bellamyv. Bellamy (1996), 110 Ohio App.3d 576, 580. Consequently, the service requirements for such a motion are different than for a Civ.R. 60(B) motion. Civ.R. 75(I) provides that, when continuing jurisdiction of a court is invoked, service must be made in a manner provided for service of process in Civ.R. 4 through 4.6. A court does not have continuing jurisdiction to consider a motion for modification of support when the service requirements of Civ.R. 75(I) and, thus, Civ.R. 4 through 4.6, have not been met.Hansen v. Hansen (1985), 21 Ohio App.3d 216, 218. See, also,Curp v. Curp (July 16, 1990), Montgomery App. No. 12059, unreported. The requirements of Civ.R. 75(I) and Civ.R. 4 are mandatory, and failure to serve a party against whom a motion is made as required by those rules constitutes a failure to perfect personal jurisdiction over that party.
Because appellant sought both Civ.R. 60(B) relief and modification of the child support order under the court's continuing jurisdiction, appellant needed to comply with the stricter service requirements of Civ.R. 75(I).
Civ.R. 4.5 addresses process in a foreign country. Civ.R. 4.5(B) provides that, when service is made by any form of mail requiring a signed receipt, proof of service "shall include a receipt signed by the addressee or other evidence of delivery to the addressee satisfactory to the court." (Emphasis added.)
Appellant does not dispute appellee's statement that she did not sign the certified mail receipt. Additionally, the trial court found no evidence that appellee had received process of the motion. The record supports the trial court's finding. The service was not addressed to the residence of appellee's mother, but instead to a business owned by appellee's brother. Additionally, appellee testified that she did not receive it and established that she was no longer in Thailand when the certified mail was delivered. Accordingly, the trial court did not err when it found that service of appellant's motion on appellee was defective.
Appellant's first assignment of error is overruled.
In his second assignment of error, appellant asserts that the trial court erred when it found that appellee was entitled to Civ.R. 60(B) relief.
Although the trial court discussed Civ.R. 60(B) in its decision, neither the magistrate nor the trial court ultimately based their decision on a determination that appellee had established entitlement to Civ.R. 60(B) relief. Instead, the trial court exercised its inherent power to vacate its own void judgment.
As discussed under appellant's first assignment of error, service of appellant's motion on appellee was defective. Failure to serve a party against whom a motion is made, as required by Civ.R. 75(I) and Civ.R. 4, constitutes a failure to perfect personal jurisdiction over that party. Curp, supra. In turn, when a court lacks jurisdiction over a party, it lacks authority to determine the merits of a motion as to that party and any judgment it renders is null and void. Curp, citing LincolnTavern, Inc. v. Snader (1956), 165 Ohio St. 61. Thus, appellee did not have to meet the requirements of Civ.R. 60(B) in order that the judgment be vacated.
Appellant's second assignment of error is overruled.
For the above reasons, appellant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.
BROWN and KENNEDY, JJ., concur.