JOURNAL ENTRY AND OPINION.
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1, the trial court record, and briefs of counsel. Defendant-appellant Peter Grubic and his ex-wife Mary Jane Grubic divorced in 1997, after which Mary Jane was named residential parent of the couple's children. The parties later agreed to an Agreed Journal Entry, filed September 9, 1998, to settle pending motions. One of the motions named in the Agreed Journal Entry was Peter's motion to modify child support. Mary Jane maintains that the parties agreed to settle all pending motions, while Peter argues that he did not agree to settle (among others) his motion to modify child support. He argues that Mary Jane and her counsel surreptitiously included this motion in the Agreed Journal Entry, which Peter did sign. On January 14, 1999, he filed a motion to reinstate his earlier modification motion or, in the alternative, to modify the child support, which he served via ordinary mail to Mary Jane's attorney.
 {¶ 2} The court held a hearing on April 10, 2002, at which time, Mary Jane moved to dismiss Peter's motion, arguing that the delivery of the motion to her counsel did not, under Civ.R. 75(J), properly re-invoke the continuing jurisdiction of the domestic relations court.[1] Peter argued that the motion was merely a request for a nunc pro tunc order to correct the Agreed Judgment Entry. He further argued that, because pending motions were before the court at this time and because Mary Jane made appearances, she waived service of the motion to reinstate/modify. The magistrate decided that Mary Jane had not waived service by appearing for hearings on other motions (because she would have lost her opportunity to prosecute her motions) and that when the motion to reinstate/modify came up for a full hearing, Mary Jane immediately objected to service. The magistrate also decided that, even if the motion was a nunc pro tunc request, it was nonetheless a motion to invoke the court's continuing jurisdiction, which requires service according to Civ.R. 75(J). The magistrate thus dismissed Peter's motion. The trial court rejected Peter's filed objections and adopted the magistrate's decision.
 {¶ 3} We will consider Peter's alternative motions separately. First, although his motion to reinstate does not necessarily raise the jurisdiction issue of Civ.R. 75(J), the motion itself is a nullity. Horakv. Horak (Aug. 7, 1997), Cuyahoga App. No. 71930, citing Pitts v. Dept.of Transportation (1981), 67 Ohio St.2d 378, paragraph one of the syllabus ("[T]here is no difference between [a motion to reinstate] and a motion for reconsideration. There is no allowance in the Civil Rules of Procedure for a motion for reconsideration made after final judgment.").[2]
 {¶ 4} Further, Peter's motion in the alternative to modify child support does require that he effect service according to Civ.R. 75(J), which he concedes he has not done. See, e.g., Hansen v. Hansen (1985),21 Ohio App.3d 216, paragraph one of the syllabus ("[a] court does not have continuing jurisdiction to consider a motion for modification of custody, support and alimony where the requirements of service of process under Civ.R. 75(I) [current Civ.R. 75(J)] have not been met.").
 {¶ 5} Therefore, under consideration of either of the motions in the alternative, the trial court properly dismissed Peter's motion to reinstate/modify. We therefore affirm the judgment of the trial court.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court — Domestic Relations Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, J., and ANTHONY O. CALABRESE, JR., J., concur.
[1] "The continuing jurisdiction of the [domestic relations] court shall be invoked by motion filed in the original action, notice of which shall be served in the manner provided for service of process under Rules 4 to 4.6. * * *." Civ.R. 75(J).
[2] The magistrate's finding, that "even if [Peter's] argument were correct that [his motion] was merely a motion to correct a prior agreement, that motion would have been a post decree motion[,] which should be served pursuant to the Ohio Rules of Civil Procedure and that was not done[,]" seems incorrect. Peter served the motion via ordinary mail to Mary Jane's attorney, pursuant to Civ.R. 5. This service is valid, assuming that the jurisdiction issue contemplated in Civ.R. 75(J) is not raised. See, e.g., Eden v. Eden, 2003-Ohio-356. In any event, because the motion to reinstate is a nullity, we need not reach this issue.