OPINION
{¶ 1} Appellant, Anthony Corrao, appeals the decision of the Lake County Court of Common Pleas, Domestic Relations Division, adopting the January 27, 2005 magistrate's decision and, thereby, dismissing various motions filed by Anthony Corrao. For the following reasons, we affirm the decision of the court below.
 {¶ 2} Anthony and Denise Marie Corrao were married on August 4, 1984, in Lake County, Ohio. One child was born as issue of this marriage on April 11, 1986, Correy Michael Corrao. On May 24, 1988, Anthony and Denise were divorced by Lake County Domestic Relations Court. According to the terms of the judgment entry of divorce, Anthony was ordered to pay Denise $30 through the Lake County Child Support Enforcement Agency.[1]
 {¶ 3} According to Anthony, he has not had a relationship with Correy since Correy was a year old. Anthony also claims to have been incarcerated "multiple times throughout the period of 1988 thru 2004." Anthony's obligation to support Correy terminated on Correy's eighteenth birthday, April 11, 2004. As of 2003, Anthony was incarcerated at Marion Correctional Institution.
 {¶ 4} On July 1, 2004, the Lake Child Support Enforcement Agency sent an Order/Notice to Withhold Income for Child and Spousal Support to the Ohio Department of Rehabilitation and Corrections to deduct $159.12 a month from Anthony's prisoner wages for past-due child support.
 {¶ 5} On September 13, 2004, Anthony filed a Motion for Modification and/or Termination of Child Support. Anthony subsequently filed a Motion for Assistance of Counsel, a Motion to Convey, and a Motion to Join Indispensable Party. The domestic relations court set the matter for hearing before a magistrate on October 28, 2004.
 {¶ 6} The magistrate found that Anthony "has failed to perfect service of the Motion for Modification and/or Termination of Child Support in accordance with the Ohio Rules of Civil Procedure so as to properly invoke the jurisdiction of this Court." The magistrate then granted Anthony "forty-five (45) days from the date of the filing of this Order to perfect service in accordance with the Ohio Rules of Civil Procedure. * * * In the event that service is not perfected in accordance with the Ohio Rules of Civil Procedure, * * * [Corrao's] Motion for Modification and/or Termination of Child Support shall be dismissed."
 {¶ 7} On December 20, 2004, Anthony filed an Instructions for Service (Motion) form with the trial court. In it, Anthony requested the clerk of courts to serve the Lake County Child Support Enforcement Agency and Ohio Child Support Payment Central with copies of his Motion for Modification and/or Termination of Child Support and the other above-mentioned motions. In addition to motion summons, Anthony also requested that these parties be served with "contempt summons" and "regular summons." Anthony instructed the clerk to serve these summons by regular mail, by certified mail, and personally by the Lake County Sheriff.
 {¶ 8} On December 27, 2004, the magistrate issued a decision finding that Corrao "has failed to properly perfect service of the motions filed herein in accordance with Rule 75(J) and Rules 4 through 4.6 of the Ohio Rules of Civil Procedure which is necessary to properly invoke the jurisdiction of this Court." Accordingly, the magistrate ordered Anthony's motions to be dismissed "at Father's cost without prejudice subject to re-filing." The domestic relations court adopted the magistrate's decision on January 19, 2005.
 {¶ 9} Anthony appeals and raises the following assignments of error.
 {¶ 10} "[1.] The trial court committed plain error and abused its discretion by failing to grant jurisdiction and hold a hearing on the matter of modification of child support where there is an existence of a motion for instructions and a memorandum in compliance filed in the clerk's office.
 {¶ 11} "[2.] The magistrate and trial judge committed judicial misconduct by failing to recognize the pro-se motion for instruction and memorandum in compliance to invoke the jurisdiction of the trial court to proceed onto a hearing on the merits of the request for modification and/or termination of child support when the forms and directions were given to the appellant by the clerk of courts of the trial court."
 {¶ 12} Regarding a trial court's continuing jurisdiction to modify a child support order entered in a divorce proceeding, the Ohio Rules of Civil Procedure provide as follows: "The continuing jurisdiction of the court shall be invoked by motion filed in the original action, notice of which shall be served in the manner provided for the service of process under Civ. R. 4 to 4.6. When the continuing jurisdiction of the court is invoked pursuant to this division, the discovery procedures set forth in Civ. R. 26 to 37 shall apply." Civ.R. 75(J). Pursuant to Civil Rules 4 and 4.1, service must be made upon the opposing party[2] by certified or express mail, through personal service, or through residence service. "Where a party fails to meet the requirements for service of process * * * for a motion attempting to invoke the continuing jurisdiction of the trial court, the court is without personal jurisdiction to consider the motion. Nelson v.Szykulski (March 12, 1999), 11th Dist. No. 97-T-0219, 1999 Ohio App. LEXIS 940, at *6, citing Hansen v. Hansen (1985),21 Ohio App.3d 216, 218.
 {¶ 13} In the present case, Anthony requested service of his motions by certified mail upon Lake County Child Support Enforcement Agency and Ohio Child Support Payment Central. Neither of these entities is currently a party to this action. There is no evidence that Anthony has perfected or even attempted service upon the opposing party in this case, Denise Corrao.Stokes v. Meimaris (Dec. 17, 1993), 11th Dist. No. 91-T-4606, 1993 Ohio App. LEXIS 6077, at *5 (to invoke the court's continuing jurisdiction to modify child support, the "motion must be * * * served on the opposing party"). Therefore, the domestic relations court properly concluded that Anthony had failed to invoke the continuing jurisdiction of the court under Civ.R. 75(J). Cf. Borland v. Borland (March 16, 1990), 11th Dist. No 89-T-4211, 1990 Ohio App. LEXIS 935, at *1-*3 (service upon opposing party's counsel, rather than upon the opposing party, was insufficient to invoke the court's continuing jurisdiction);Charnock v. Murphy (March 27, 1995), 12th Dist. No. CA94-07-017, 1995 Ohio App. LEXIS 1122, at *5-*6 (decision rendered in the absence of service on the opposing party is void ab initio).
 {¶ 14} In sum, Anthony failed to properly invoke the continuing jurisdiction of the court because he failed to perfect service of his motions on Denise. Anthony's assignments of error are without merit.
 {¶ 15} For the forgoing reasons, the decision of he Lake County Court of Common Pleas, Domestic Relations Division, dismissing Anthony's motion to modify and other motions is affirmed.
Donald R. Ford, P.J., concurs,
Colleen Mary O'Toole, J., concurs with a Concurring Opinion.
[1] The judgment entry of divorce does not specify whether this payment was supposed to be weekly or monthly. Although Anthony construes this provision to mean that his child support obligation was a "one time" payment of $30, subsequent garnishment orders demonstrate that the court construed the provision as imposing a weekly support obligation of $30.
[2] Civil Rule 4 does use the term "opposing party," but, rather, speaks in terms of plaintiff and defendant. The Rule explains, however, that "[f]or the purpose of issuance and service of summons `plaintiff' shall include any person seeking the issuance and service of summons, and `defendant' shall include any party upon whom service of summons is sought." Civ.R. 4(C). Although Anthony is the captioned defendant in the underlying divorce action, for purposes of invoking the court's continuing jurisdiction pursuant to Civ.R. 4, he is the plaintiff.