OPINION *Page 2 
{¶ 1} Defendant-appellant Michael W. Stuber ("Stuber") brings this appeal from the judgment of the Court of Common Pleas of Allen County, Domestic Relations Division, granting the motion of appellee Allen County Child Support Enforcement Agency ("the Agency") requesting release of bond funds to pay child support arrearages. The Agency filed its motion on behalf of plaintiff-appellee Judith L. Stuber.
 {¶ 2} Stuber and his former wife were divorced on November 27, 1984, and Stuber was ordered to pay child support for his minor children. Throughout the children's childhood, Stuber repeatedly incurred arrearages in his support. On May 31, 2000, the Agency filed a motion for contempt due to excessive arrearages. Service was obtained on Stuber on June 4, 2000. On March 7, 2001, an agreed judgment entry finding Stuber in contempt of court was filed. Several unsuccessful appeals in both this court and the federal courts followed. On June 27, 2001, Stuber failed to appear at an execution of jail sentence hearing and a bench warrant was issued. Stuber was released upon payment of bond.
 {¶ 3} On March 19, 2002, an order on execution of jail sentence was filed after Stuber again failed to appear for the hearing. A bench warrant was issued with bond set at $2,500 cash. A modified appearance bond of $5,000 or 10% was set on April 4, 2002. Stuber paid the $500 or 10% appearance bond on April 8, *Page 3 
2002. On May 7, 2002, a hearing upon the merits for the execution of jail sentence was held. The trial court entered judgment on August 1, 2002, imposing the jail sentence for Stuber's failure to purge his contempt by paying the child support arrearage. The trial court also ordered that the appearance bond money posted in this case was forfeited due to Stuber's failure to timely appear for the hearing without good cause for being a half hour late for the hearing. Stuber appealed that judgment to this court.[1] On April 9, 2003, this court held that the forfeiture of the appearance bond due to the late appearance was not an abuse of discretion and affirmed the judgment of the trial court.
 {¶ 4} No further action was taken concerning the forfeited appearance bond until September 28, 2006, when the Agency filed its motion to release the bond to pay child support arrearages. On October 18, 2006, the trial court granted the Agency's motion to release the bond funds to pay court costs and then using the remainder to pay child support arrearages. The trial court also required Stuber to post an additional $500.00 bond to secure future child support payments on his arrearage. Stuber appeals from this judgment and raises the following assignments of error.
 The trial court unambiguously lacked jurisdiction over [Stuber] due to insufficiency of service, and lacked jurisdiction to enter a personal judgment against [Stuber]. *Page 4 
 The trial judge acted in bad faith, abused his discretion, and committed prejudicial error to [Stuber] by entering a personal judgment against [Stuber] in the clear absence of all or complete jurisdiction, thereby rendering the judgment void.
 {¶ 5} Both of Stuber's assignments of error question whether the trial court had jurisdiction over him due to the insufficiency of the service. The civil rules apply to all actions for divorce and related proceedings. Civ.R. 75(A). "The continuing jurisdiction of the court shall be invoked by motion filed in the original action, notice of which shall be served in the manner provided for the service of process under Civ.R. 4 to 4.6." Civ.R. 75(J). Service of subsequent motions that are invoking the continuing jurisdiction of a domestic relations court may be made by certified or express mail. Civ.R. 4.1(A). A review of the record does not reveal any evidence that service, though requested by the Agency, was made or even attempted upon the parties. Where a party fails to meet the requirements for service of process for a motion attempting to invoke the continuing jurisdiction of the trial court, that court is without personal jurisdiction to enter judgment upon the motion. Corrao v. Corrao, 11th Dist. No. 2005-L-014,2006-Ohio-1686, ¶ 12. This court has previously determined that "[w]here continuing jurisdiction of divorce court [is] not properly invoked because of improper service of process, any action taken by the court [is] erroneous and, hence, assignments of error in regard to the court's actions [are] necessarily well *Page 5 
taken." Hansen v. Hansen (1985), 21 Ohio App.3d 216, 486 N.E.2d 1252, syllabus. The Agency argues that there is no requirement that the continuing jurisdiction be invoked because the distribution of the forfeited funds is merely the finalization of the prior orders affirmed by this court previously. This court agrees that the distribution of the previously forfeited appearance bond is not a new action, but rather the conclusion of the prior action and no additional notice is necessary. By failing to timely appear for the hearing for which bond was required, Stuber forfeited the money and has no standing to object to the trial court's distribution of the funds. This court notes that Stuber is actually receiving a benefit by the distribution ordered by the trial court in that the forfeited funds are being applied to his child support account arrearage. Generally, the money from an appearance bond is forfeited to the state. Instead, the trial court chose to use the funds to pay on the arrearage, thus giving Stuber's child support account the benefit of the forfeiture.
 {¶ 6} Although the portion of the motion filed by the Agency for the distribution of the forfeited appearance bond does not require any additional notice, the portion of the motion requesting a bond securing future child support payments on his arrearage is not a mere continuation of the prior matter. This is a new request not covered by the prior appearance bond and one for which Stuber should have received notice and an opportunity to be heard before it was imposed. *Page 6 
Without the proper notice, the continuing jurisdiction of the trial court to impose a new and different type of bond to secure future payments on his child support arrearage is not properly invoked and the trial court is without jurisdiction to order the new bond be posted. The first and second assignments of error are overruled as they apply to the use of the funds forfeited from the appearance bond. However, the assignments of error are sustained as they apply to the requirement that Stuber post a new bond to secure future payments of his child support arrearage.
 {¶ 7} The judgment of the Court of Common Pleas of Allen County, Domestic Relations Division is affirmed in part and reversed in part. The matter is remanded for further proceedings.
Judgment Affirmed in Part, Reversed in Part and Cause Remanded.
 SHAW and PRESTON, J.J., concur.
[1] Forfeiture of the bond was stayed pending appeal. After the judgment was affirmed, the record lacks any indication that the stay of the forfeiture was lifted. This court presumes by the fact that the trial court ordered the funds distributed that the stay was lifted. *Page 1