DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} David Regueiro moved to modify his parenting time under Rule 75(J) of the Ohio Rules of Civil Procedure, but only served his ex-wife Suzanne Regueiro's lawyer. The parties negotiated and, allegedly, finalized a settlement agreement, which Mr. Regueiro submitted to the trial court for approval. Ms. Regueiro objected, asserting that some terms were not incorporated into the final document. The trial court adopted Mr. Regueiro's proposed judgment entry without holding a hearing or specifically ruling on Ms. Regueiro's objections. Because Ms. Regueiro's objections raised a factual dispute about the existence and terms of the parties' out-of-court agreement, this Court reverses and remands so that the trial court can hold an evidentiary hearing on those issues. *Page 2 
 FACTS {¶ 2} The Regueiros' marriage was dissolved on July 29, 2003. On February 1, 2006, Mr. Regueiro moved to terminate his spousal support. He properly served his motion on Ms. Regueiro. On March 7, 2006, Ms. Regueiro moved to modify Mr. Regueiro's child support. She properly served her motion on him. On April 26, 2006, Mr. Regueiro filed an "Amended Motion," seeking to modify his parenting time. He did not serve his motion on Ms. Regueiro, but did mail a copy of it to her attorney.
 {¶ 3} Over the following months, the parties voluntarily dismissed the support issues and continued working toward a resolution of the parenting time issue. On March 27, 2007, the trial court held a hearing on Mr. Regueiro's motion to modify parenting time. Its Docket Notation from that date indicates that Mr. Regueiro's attorney would submit a proposed judgment entry. On May 24, 2007, Mr. Regueiro moved for an extension of time to submit a proposed judgment entry, noting that, "[b]ecause the parenting time resolution was complicated, there exist some minor, yet very important, clarifications that must occur prior to submission of the entry for final court approval." The court granted Mr. Regueiro's motion, and he subsequently submitted a proposed judgment entry. On May 31, 2007, Ms. Regueiro objected to the proposed entry, noting that she had a "major objection to [Mr. Regueiro's] proposed schedule regarding Easter and Memorial Day. Settlement negotiations were mentally and emotionally charged and had become physically exhausting. Due to inadvertence and excusable neglect those agreed upon terms were not incorporated into the final hand appended document."
 {¶ 4} On June 7, 2007, the trial court adopted the proposed judgment entry submitted by Mr. Regueiro. Ms. Regueiro has assigned one error regarding whether the trial court correctly adopted the proposed judgment entry. *Page 3 
 JURISDICTION {¶ 5} Ms. Regueiro has argued that the trial court did not have jurisdiction to consider Mr. Regueiro's motion to modify parenting time because he did not serve his Amended Motion on her. Civil Rule 75(J) provides that, in dissolution proceedings, "[t]he continuing jurisdiction of the court shall be invoked by motion filed in the original action, notice of which shall be served in the manner provided for the service of process under Civ. R. 4 to 4.6." Civil Rule 4 "requires that service be made on the defending party." Federman v.Federman, 9th Dist. No. 15146, 1991 WL 262881 at *4 (Dec. 11, 1991).
 {¶ 6} Mr. Regueiro has argued that Ms. Regueiro waived her jurisdictional argument because she did not raise it before the trial court and voluntarily appeared for a hearing on his motion. Ms. Regueiro, on the other hand, has argued that, because her argument challenges the trial court's subject matter jurisdiction, it could not be waived.
 {¶ 7} In Federman, Ms. Federman served Mr. Federman's attorney with a motion seeking to invoke the court's continuing jurisdiction under Rule 75, but did not serve Mr. Federman himself. This Court determined that Mr. Federman's argument regarding Ms. Federman's failure to serve him raised a question about the trial court's "in personam jurisdiction."Id. (citing Hansen v. Hansen, 21 Ohio App. 3d 216, 218 (1985)). Accordingly, Mr. Regueiro's failure to serve Ms. Regueiro with his Amended Motion raises a question about the trial court's personal jurisdiction over Ms. Regueiro, not its subject matter jurisdiction. Because Ms. Regueiro's argument raises only a question of personal jurisdiction, her failure to object to the trial court's exercise of continuing jurisdiction waived that objection. Id. (citing Carson v.Carson, 62 Ohio App. 3d 670, 673 (1989)); Cooper v. Cooper,10 Ohio App. 3d 143, *Page 4 
145 (1983). Ms. Regueiro's assignment of error is overruled regarding the trial court's jurisdiction over Mr. Regueiro's motion to modify parenting time.
 PROPOSED JUDGMENT ENTRY HEARING {¶ 8} Ms. Regueiro has also argued that, because the parties never reached a binding settlement agreement, the trial court incorrectly adopted the proposed judgment entry that Mr. Regueiro submitted. She has argued that the court should have held a hearing on the terms of the agreement and on her objections to the proposed entry.
 {¶ 9} "In the absence of allegations of fraud, duress, undue influence, or of any factual dispute concerning the existence of the terms of a settlement agreement, a court is not bound to conduct an evidentiary hearing prior to signing a journal entry reflecting the settlement agreement." Mack v. Polson Rubber Co., 14 Ohio St. 3d 34, syllabus (1984). "Conversely, when there is [a factual] dispute, the trial court must conduct a hearing on the existence and terms of the out-of-court agreement before it can incorporate settlement terms into its order." Clark v. Clark, 9th Dist. No. 96CA006383, 1997 WL 104663 at *2 (Mar. 5, 1997).
 {¶ 10} Mr. Regueiro has argued that there is no question that he and Ms. Regueiro entered into a binding settlement agreement. He has noted that they appeared for a hearing on his Amended Motion, that they entered into a settlement of all the issues presented in his motion at the hearing, that their settlement was reduced to writing, and that a copy of the agreement was attached to the trial court's judgment entry. He has also noted that both parties initialed each page of the agreement next to the words "Final Draft."
 {¶ 11} Because there is a factual dispute about whether the parties agreed to all the terms of the settlement agreement, the trial court should have held a hearing to determine the existence and terms of the out-of-court agreement before adopting the proposed judgment entry. Although *Page 5 
Mr. Regueiro has argued that the parties reached an in-court settlement of all the issues at the hearing on his motion, he indicated in the motion for enlargement of time that he filed after that hearing that they had not. In that motion, he asserted that "there exist some minor, yet very important, clarifications that must occur prior to submission of the entry for final court approval." Ms. Regueiro's Objection to the proposed entry also indicated that the parties had not settled all the issue raised by Mr. Regueiro's motion. In her Objection, she asserted that "agreed upon terms were not incorporated into the final hand appended document." She also submitted corrections to the proposed judgment entry. Ms. Regueiro's assignment of error, therefore, is sustained regarding the trial court's failure to hold an evidentiary hearing before adopting Mr. Regueiro's proposed judgment entry.
 CONCLUSION {¶ 12} Ms. Regueiro waived her argument that the trial court did not have jurisdiction to consider Mr. Regueiro's motion to modify his parenting time. The trial court, however, should have held an evidentiary hearing regarding the parties' alleged settlement of the issues raised in that motion. The judgment of the Medina County Common Pleas Court is reversed and this matter is remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
 The Court finds that there were reasonable grounds for this appeal. *Page 6 
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to appellee.
 CARR, P. J. WHITMORE, J. CONCUR *Page 1