OPINION
{¶ 1} Pro se Appellant Carol Cummings (formerly Carol Tuckosh) is appealing the dismissal of her motion to modify child support by the Harrison County Court of Common Pleas. The court ruled that it lacked jurisdiction to hear the motion because Appellant failed to properly serve the motion on the opposing party, Appellee Lawrence Tuckosh. Civ. R. 75(J) requires that the continuing jurisdiction of the court in a divorce action be invoked pursuant to Civ. R. 4 to 4.6, which discusses the appropriate methods of service. Civ. R. 4 to 4.6 does not allow for service by ordinary mail. The record indicates that Appellant used ordinary mail to serve the motion for modification of child support on Appellee, rather than one of the methods set forth in Civ. R. 4 to 4.6. Appellant failed to invoke the continuing jurisdiction of the court, and the court properly dismissed the motion to modify child support. The judgment of the trial court is affirmed.
 History of the Case {¶ 2} Appellant is the mother and residential parent of two minor children. Appellee and Appellant were married in July of 1991. In November, 1998, Appellee filed for divorce in Harrison County. A visiting judge was assigned to the case, and the divorce was granted on October 31, 2000. Appellee was ordered to pay child support of $424.54 per month for each child. The divorce was appealed, but the child support order was not affected by the appeal. Tuckosh v. Tuckosh (Mar. 15, 2002), 7th Dist. No. 00 526 CA, 2002-Ohio-1154.
 {¶ 3} On July 30, 2007, Appellant filed her pro se "Motion for Modification of Child Support and an Order Staying Child Support Proceedings being Conducted by *Page 2 
Child Support Enforcement Agency." In her motion Appellant acknowledges that Appellee was ordered to pay $849.07 per month in child support for the parties' two children. She notes that the child support order was currently undergoing administrative review by the Harrison County Child Support Enforcement Agency ("CSEA"). Appellant requested a stay of that administrative review in lieu of review by the court. Appellant also appears to combine with this request a motion to hold Appellee in contempt and seeks arrearage for past unpaid child support. The certification of service at the end of the motion clearly states that service was made on Appellee by regular U.S. mail.
 {¶ 4} Appellee did not respond to the motion to modify child support. On November 7, 2007, Appellant filed a motion for default judgment. In this motion she claims that she personally attempted to serve Appellee with her motion to modify child support by certified mail on July 27th and August 3rd of 2007, but that the envelope was never claimed, so she sent it by regular mail. She attached a post office receipt from August 14, 2007, which indicates that a package was sent by regular mail, not by certified mail.
 {¶ 5} On November 13, 2007, the trial court dismissed the July 30, 2007, motion to modify child support and ordered CSEA to proceed with its review.
 {¶ 6} On November 26, 2007, Appellant requested a stay from the trial court pending appeal of the dismissal order. Appellant then filed this pro se appeal on December 11, 2007. Appellant also requested a stay of execution from this Court. *Page 3 
 {¶ 7} On December 28, 2007, this Court issued a journal entry allowing the trial court until January 1, 2008, to act upon Appellant's motion for stay of execution.
 {¶ 8} On January 8, 2008, the trial court filed a three-page judgment entry denying the stay and explaining why the motion to modify child support had been dismissed. The court stated that Appellant had not properly completed service of the motion pursuant to Civ. R. 75(J) and Civ. R. 4 to 4.6. The court also explained that the failure to follow Civ. R. 75(J) deprived it of jurisdiction to hear Appellant's motion.
 {¶ 9} On January 22, 2008, Appellant filed an additional request for stay of execution of an alleged order of the CSEA. The record contains no order from the CSEA, and no appeal of any order from the CSEA.
 {¶ 10} On January 25, 2008, this Court denied Appellant's original motion for stay of execution of judgment pending appeal.
 {¶ 11} On February 14, 2008, this Court denied Appellant's subsequent, inappropriate motion for stay. We explained that the instant appeal is from a judgment of the Harrison County Court of Common Pleas, not the CSEA, and that any dispute that Appellant might have with CSEA's modification of child support is not yet ripe for review in this appeal.
 {¶ 12} Appellant filed her pro se brief on January 29, 2008. Appellee has not responded. Appellant presents three assignments of error on appeal that, for the most part, avoid dealing with the matters of service of process and jurisdiction, and instead focus on the underlying arguments regarding child support, issues that are not before us for review. *Page 4 
 {¶ 13} An order dismissing a case for lack of personal jurisdiction is a final, appealable order. Natl. City Commercial Capital Corp. v. AAAAat Your Serv., Inc., 114 Ohio St.3d 82, 2007-Ohio-2942, 868 N.E.2d 663, at ¶ 10-12.
 ASSIGNMENTS OF ERROR {¶ 14} "The Trial Court's Dismissal of the Motions of the Parental Guardian for Child Support Modification, Contempt, and Lump Sum Judgments is Contrary to Law.
 {¶ 15} "CESA's Decision Attempting to Modify Child Support [Cutting It in Half] was Made Without Jurisdiction and is Contrary to Law."
 {¶ 16} "Upon the Sworn and Undisputed Evidence Verifying the Motions of the Parental Guardian for Child Support Modification, Contempt, and Lump-Sum Judgments, the Trial Court's Judgment is Against the Manifest Weight of the Evidence and Appellee is Not Entitled to Judgment as a Matter of Law. Under Appellate Rule 12(C), this Honorable Court of Appeals Should Reverse and Render the Judgment `the Trial Court Should Have Rendered on the Evidence.'"
 {¶ 17} A trial court lacks jurisdiction to render a judgment against a defendant if effective service of process has not been made on the defendant and the defendant has not appeared in the case or waived service. Rite Rug Co., Inc. v. Wilson (1995), 106 Ohio App.3d 59, 62,665 N.E.2d 260. Absent proper service, the trial court lacks jurisdiction to enter a judgment, and if a judgment is nevertheless rendered, it is a nullity and void ab initio. O.B. Corp. v. Cordell
(1988), 47 Ohio App.3d 170, 171, 547 N.E.2d 1201. *Page 5 
 {¶ 18} The standard of review of an order dismissing a complaint for insufficiency of service of process is abuse of discretion. Bell v.Midwestern Educational Serv., Inc. (1993), 89 Ohio App.3d 193, 203,624 N.E.2d 196. If the record contains some competent, credible evidence supporting the trial court's ruling that service of process was insufficient, the judgment will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr.Co. (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578;Bell, supra, at 203.
 {¶ 19} Domestic relations cases have procedural rules governing service of process above and beyond those required in other civil cases. A domestic relations case begins with the filing of a complaint. Ohio Civ. R. 4.1 describes the methods of service of an original civil complaint within the state except service by publication, which is provided by Civ. R. 4.4(A). Civ. R. 4.1 lists three forms of service: certified or express mail by the clerk of courts, regular mail by the clerk of courts if certified or express mail service fails, and direct personal service on the party. For certified mail service, the clerk places the complaint and other documents to be served in an envelope addressed to the person to be served at the address set forth in the caption or at the address set forth in written instructions furnished to the clerk. Regular mail service is not permitted unless the clerk has documented that the certified mail service has failed.
 {¶ 20} In most other types of cases, after a complaint is filed and properly served, subsequent filings in the case are served by ordinary mail. The rules for *Page 6 
service of filings made after the original complaint are contained in Civ. R. 5(A) and (B):
 {¶ 21} "(A) Except as otherwise provided in these rules * * * every pleading subsequent to the original complaint, * * * every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, and similar paper shall be served upon each of the parties. Service is not required on parties in default for failure to appear except that pleadings asserting new or additional claims for relief or for additional damages against them shall be served upon them in the manner provided for service of summons in Civ. R. 4 through Civ. R. 4.6."
 {¶ 22} "(B) Service: how made. Whenever under these rules service is required or permitted to be made upon a party who is represented by an attorney of record in the proceedings, the service shall be made upon the attorney unless service upon the party is ordered by the court.Service upon the attorney or party shall be made by delivering a copy tothe person to be served, transmitting it to the office of the person tobe served by facsimile transmission, mailing it to the last knownaddress of the person to be served or, if no address is known, leavingit with the clerk of the court. The served copy shall be accompanied by a completed copy of the proof of service required by division (D) of this rule. `Delivering a copy' within this rule means: handing it to the attorney or party; 1eaving it at the office of the person to be served with a clerk or other person in charge; if there is no one in charge, leaving it in a conspicuous place in the office; or, if the office is closed or the person to be *Page 7 
served has no office, leaving it at the dwelling house or usual place of abode of the person to be served with some person of suitable age and discretion then residing in the dwelling house or usual place of abode. Service by mail is complete upon mailing. Service by facsimile transmission is complete upon transmission." (Emphasis added.)
 {¶ 23} Thus, in a typical civil proceeding, once the trial court's jurisdiction has been established by proper service of the original complaint, service of subsequent filings is completed by regular mail. This is not the situation in domestic relations cases, though. Civ. R. 75(A) states that: "The Rules of Civil Procedure shall apply in actions for divorce, annulment, legal separation, and related proceedings, with the modifications or exceptions set forth in this rule." Civ. R. 75(J) states:
 {¶ 24} "(J) Continuing jurisdiction. The continuing jurisdiction of the court shall be invoked by motion filed in the original action, notice of which shall be served in the manner provided for the service of process under Civ. R. 4 to 4.6."
 {¶ 25} In domestic relations cases, both the original jurisdiction and the continuing jurisdiction of the court are invoked through the rules of civil procedure governing the service of process of an original complaint, contained in Civ. R. 4 to 4.6. Service of process of a motion invoking the continuing jurisdiction of the court is handled by the clerk of court, and is done through certified or express mail, as set forth in Civ. R. 4.1.
 {¶ 26} In Hansen v. Hansen (1985), 21 Ohio App.3d 216, 218,21 OBR 231, 486 N.E.2d 1252, the Third District Court of Appeals held that, "[a] court does not *Page 8 
have continuing jurisdiction to consider a motion for modification of custody, support and alimony where the requirements of service of process under Civ. R. 75(I) [current Civ. R. 75(J)] have not been met." Id., at paragraph one of the syllabus.
 {¶ 27} In Rondy v. Rondy (1983), 13 Ohio App.3d 19, 22, 468 N.E.2d 81, the Ninth District Court of Appeals held that "the continuing jurisdiction of the court cannot be properly invoked by motion pursuant to Civ. R. 75(I) [current Civ. R. 75(J)] in the absence of service of notice on the opposing party."
 {¶ 28} This Court has held that a trial court in a domestic relations matter may not sua sponte modify a child support order unless one of the parties first invoked the continuing jurisdiction of the court as required by Civ. R. 75(J) by specifically serving notice on the opposing party pursuant to Civ. R. 4 to 4.6. Walker v. Walker,151 Ohio App.3d 332, 2003-Ohio-73, 784 N.E.2d 127, at ¶ 31.
 {¶ 29} Pulice v. Collins, 8th Dist. No. 8669, 2006-Ohio-3950, analyzed the heightened rules governing service of process in Civ. R. 75(J) and concluded that:
 {¶ 30} "The reason for this requirement is practical. In a domestic relations case the trial court retains jurisdiction over certain issues, including child support and visitation, even though disputes in these areas may not arise for months or years after the initial divorce decree is entered. Once the decree is final, it is unlikely that the parties would stay in contact with their attorneys.
 {¶ 31} "In other words, regular civil cases are `transactional' in nature: that is, once the matter has been decided, apart from any appeal, the case is `dead.' Domestic relations cases, on the other hand, are `relational' in nature: even after the *Page 9 
original case is ended by the divorce decree, the relationships between parents are not ended just because the marriage is ended. They still must interact in matters concerning their mutual children, and the case law demonstrates that these disputes are common. Resolving these disputes between the parties requires the trial court to retain jurisdiction over the parties and those restricted issues.
 {¶ 32} "Because years can pass between the final decree and changed circumstances motivating a motion for a change in custody or support, therefore, practicality and due process require that the motion be served upon the original party, in the same manner as a newly filed case. Service other than according to Civ. R. 4 through 4.6, therefore, is not sufficient guarantee of notice to fulfill due process requirements." Id. at ¶ 10-12.
 {¶ 33} It is clear from the record that Appellant never directed the clerk of court to serve Appellee with the motion for modification of child support in any manner. Appellant's complaint itself states that she, not the clerk of court, delivered the motion to Appellee by regular mail. Furthermore, the record contains no evidence that certified mail process was initiated or attempted by anyone. If certified mail service had been purchased, there would have been a receipt. If certified mail service was completed or failed, there would be a return notification card from the post office. There is no such documentation in the record.
 {¶ 34} A party proceeding pro se is held to the same procedural standards as other litigants that have retained counsel. State ex rel.Fuller v. Mengel, 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, at ¶ 10. Although a court may, in *Page 10 
practice, grant a certain amount of latitude toward pro se litigants, the court cannot simply disregard the Rules of Civil Procedure in order to accommodate a party who fails to obtain counsel. Robb v.Smallwood, 165 Ohio App.3d 385, 2005-Ohio-5863, 846 N.E.2d 878, at ¶ 5. Appellant has disregarded basic civil rules regarding service of process, and the trial court correctly concluded that it did not have jurisdiction to proceed with Appellant's claim once it determined that service of process had not been completed.
 {¶ 35} Appellant asks whether a court can make any ruling at all on a matter if it lacks jurisdiction to hear that matter in the first place. Appellant also questions whether the trial court could order the CSEA to proceed with its review if it had no jurisdiction to hear her motion. A court that has general subject matter jurisdiction over a case always retains the authority to determine its jurisdiction in a case, which includes resolving ancillary issues relating to the determination of jurisdiction. Dzina v. Celebrezze, 108 Ohio St.3d 385, 2006-Ohio-1195,843 N.E.2d 1202, at ¶ 12. In this case, there were concurrent administrative proceedings that were affected when Appellant filed her motion to modify child support. When the trial court dismissed Appellant's motion, it also clarified the status of the administrative proceedings by ordering the CSEA to proceed with review. It may not have been necessary for the trial court to issue such an order, but it certainly is related to the court's authority to decide its own jurisdiction and to defer jurisdiction to another tribunal.
 {¶ 36} Appellant raises a number of concerns as to the unfairness of the trial court's decision because it will prevent review of the questions she has raised *Page 11 
concerning past and future child support payments. Appellant fails to realize that it is not the trial judge's responsibility to effect proper service of process. That is the duty of the parties, and the parties also suffer the consequences when rules governing service of process are disregarded. Furthermore, Appellant has had recourse to administrative proceedings to air her concerns and grievances regarding child support.
 {¶ 37} Appellant argues that Appellee received actual notice of the motion to modify child support, and that actual notice should suffice as proper service of process. The Ohio Supreme Court has held that, "[i]naction upon the part of a defendant who is not served with process, even though he might be aware of the filing of the action, does not dispense with the necessity of service." Maryhew v. Yova (1984),11 Ohio St.3d 154, 157, 11 OBR 471, 464 N.E.2d 538.
 {¶ 38} Appellant raises a myriad of concerns in her brief that do not directly relate to the issue at hand, which is whether the trial court committed reversible error in dismissing the July 30, 2007, motion for modification of child support. The trial court's decision is not an abuse of discretion and is supported by the record. Any further discussion of the many other issues raised by Appellant's brief would enter the realm of advisory opinions. Reviewing courts do not have authority to render advisory opinions to prevent future disputes.Reinbolt v. Natl. Fire Ins. Co., 158 Ohio App.3d 453, 2004-Ohio-4845,816 N.E.2d 1083, at ¶ 13. The judgment of the trial court is affirmed.
Vukovich, J., concurs. *Page 12 
DeGenaro, P.J., concurs. *Page 1