[Cite as *In re C.S.*, 2018-Ohio-4786.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


IN THE MATTER OF:  :

      C.S.  :  CASE NO. CA2018-07-080

        :  O P I N I O N
      12/3/2018

        :

        :


APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 18-DN000042


Kim Bui, 8080 Beckett Center Drive, Suite 112, West Chester, Ohio 45069, for appellant, K.S.

The Kollin Firm, Nathan D. Boone, 3725 Pentagon Blvd., Suite 270, Dayton, Ohio 45431, for D.J.

David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, Ohio 45036, for appellee, Warren County Children Services

The Search Law Firm, Lorraine Search, 6 South Second Street, Suite 309, Hamilton, Ohio 45011, for CASA


**PIPER, J.**

{¶ 1} Appellant, the biological mother of C.S., appeals a decision of the Warren County Court of Common Pleas, Juvenile Division, granting permanent custody of the child to a children services agency.

{¶ 2}   C.S. was born on April 9, 2018, while appellant was incarcerated at the Warren County Jail on charges of drug possession and possession of drug abuse instruments. Warren County Children Services filed a complaint the following day alleging that the child was dependent and neglected and at an emergency shelter hearing, temporary custody was granted to the agency.

{¶ 3}   The complaint alleged that the agency met with appellant in March 2018 while she was in jail.  Appellant informed the agency that she was due to be released in August 2018, and she was unsure of the whereabouts of her husband, the baby's father.  The agency determined that the father had an active warrant for his arrest on drug possession charges.

{¶ 4}   Appellant provided a nonrelative option for placement of the child, but ultimately the individual indicated she was not able to care for the child on a long-term basis.  The agency further alleged in the complaint that permanent custody of the couple's two older children had previously been granted to the agency.  The complaint requested a disposition of permanent custody to the agency.

{¶ 5}   At an adjudication hearing, the parents entered into stipulations based on the facts alleged in the complaint, including a stipulation that the facts were sufficient to establish the child was neglected and dependent.  Accordingly, the court adjudicated C.S. a neglected and dependent child.

{¶ 6}   At the dispositional hearing, an agency caseworker discussed the previous case involving the couple's two older children.  She indicated that the family had a history with the agency dating back to 2013 when the oldest child tested positive for marijuana at birth.  The caseworker testified she became involved with the family in 2015 when the couple's second child tested positive for cocaine and opiates at birth. During the course of the case, the caseworker learned that both parents had significant, longstanding drug-use

issues. The parents completed drug assessments as part of the case plan, but failed to follow through with the recommendations and instead continued to use drugs throughout the case. Due to the lack of progress, the agency eventually requested and was granted permanent custody of the two children.

{¶ 7} An agency intake caseworker testified that she met with appellant at the jail prior to the child's birth in order to find a placement for the child. Appellant informed the caseworker that she continued to use heroin until she was incarcerated on September 17, 2018. The caseworker indicated that she attempted to find a placement for the child and explored an option provided by appellant, but it did not work out. Because there were no placement options, the agency filed for custody.

{¶ 8} The caseworker testified that she was aware that permanent custody of the parents' two older children had been granted to the agency and that drug use was an ongoing problem for the parents in the two prior agency cases. She indicated C.S. was placed into the same foster-to-adopt home where the child's two biological siblings had been previously placed and adopted. The child is doing well, is bonded to the family and is developmentally on target.

{¶ 9} Although the agency requested permanent custody, the caseworker gave appellant a referral to address her drug abuse issues. The caseworker indicated the child's father is living with his new girlfriend, who has had all her children removed from her home. The father's girlfriend also has drug abuse issues.

{¶ 10} The agency's ongoing caseworker testified that although the case plan did not include services for the parents, she was aware of appellant's referral for a drug assessment. However, she testified that appellant is also required to complete and participate in the same program as part of her criminal probation requirements.

{¶ 11} She indicated that there were concerns because appellant does not have

stable housing and is currently living in a hotel with her boyfriend and her mother. Appellant's boyfriend has a criminal history that involves burglary, along with trafficking and other drug offenses. Appellant's mother also has a criminal history that involves drug charges and a recent arrest in May 2018. The caseworker testified that appellant was initially working at Burger King and is now working at a Shell gas station.

{¶ 12} The caseworker testified that although appellant has now been sober for several months, the majority of the sobriety was during incarceration, as appellant has only been out of jail from late April to June. She indicated appellant has engaged in treatment, but it would take considerable time to alleviate the concerns that led to the child's removal. Appellant has not engaged in any services beyond what is required for probation in the criminal case.

{¶ 13} Appellant testified at the dispositional hearing and admitted that she had been incarcerated on felony drug charges when C.S. was born. She stated that she had the opportunity to use drugs while incarcerated but did not do so. However, she admitted that if it were not for her incarceration and not having access to drugs, she does not know if C.S. would have testified positive for drugs at birth. She indicated she is currently living in a hotel with her mother who was recently charged with domestic violence. Appellant does not have a driver's license and relies on her mother or on her brother's ex-girlfriend for transportation. Appellant stated that she wants a chance to reunify with C.S. and she believes she will follow a case plan.

{¶ 14} After considering the evidence, the trial court granted a disposition of permanent custody to the agency. Appellant now appeals that decision, raising two assignments of error for our review.

{¶ 15} Assignment of Error No. 1:

{¶ 16} THE TRIAL COURT'S DECISION AND ORDER GRANTING PERMANENT

- 4 -

CUSTODY WAS NOT SUPPORTED BY SUFFICIENT, CREDIBLE EVIDENCE AND WAS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 17} Assignment of Error No. 2:

{¶ 18} MOTHER RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL AND WAS PREJUDICED FROM COUNSEL'S FAILURE TO OBJECT THROUGHOUT THE TRIAL.

{¶ 19} In her first assignment of error, appellant argues that the trial court's decision to grant permanent custody was not supported by sufficient evidence and was against the manifest weight of the evidence. Specifically, she argues that C.S. could be placed with her within a reasonable amount of time and that the child should be placed with her. Appellant also argues that granting permanent custody of an infant to children's services despite appellant's stability, sobriety and relationship with the child is not in the child's best interest.

{¶ 20} Before a natural parent's constitutionally protected liberty interest in the care and custody of her child may be terminated, the state is required to prove by clear and convincing evidence that the statutory standards for permanent custody have been met. *Santosky v. Kramer*, 455 U.S. 745, 759, 102 S.Ct. 1388 (1982); *In re E.G.*, 12th Dist. Butler No. CA2013-12-224, 2014-Ohio-2007, ¶ 6-7. Clear and convincing evidence is that which will produce in the trier of fact a firm belief or conviction as to the facts sought to be established. *Cross v. Ledford*, 161 Ohio St. 469, 477 (1954); *In re McCann*, 12th Dist. Clermont No. CA2003-02-017, 2004-Ohio-283, ¶ 11.

{¶ 21} A public children services agency may obtain permanent custody of an abused, neglected, or dependent child in one of two ways. *In re Ament*, 142 Ohio App.3d 302, 309, 755 N.E.2d 448 (12th Dist.2001); *In re E.P.*, 12th Dist. Fayette Nos. CA2009-11-022 and CA2009-11-023, 2010-Ohio-2761, ¶ 22. An agency may either (1) obtain temporary custody of the child and then file a motion for permanent custody, or (2) request permanent custody as part of its original abuse, neglect, or dependency complaint. *In re A.A.*, 12th Dist.

Clermont No. CA2015-12-098, 2016-Ohio-2992, ¶ 9.

{¶ 22} As discussed above, the agency sought a disposition of permanent custody in the complaint. Therefore, the statutory framework for granting permanent custody as found in R.C. 2151.353(A)(4) applies in this case.[1]

{¶ 23} Pursuant to R.C. 2151.353(A)(4), in order to grant permanent custody as part of its original disposition, a juvenile court must apply a two-prong test. *In re A.A.* at ¶ 10. First, using the factors in R.C. 2151.414(E), the court must determine that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent. *Id.* Second, using the factors in R.C. 2151.414(D)(1), the court must determine that permanent custody is in the best interest of the child. *Id.*

{¶ 24} In this case, the juvenile court determined that C.S. could not be placed with either of her parents within a reasonable time or should not be placed with either of her parents. R.C. 2151.414(E)(11) provides that "[i]n determining* * * whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence." The statute further provides that if the court determines that any of several factors apply, "the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent[.]"

{¶ 25} The court determined that the following factor found in R.C. 2151.414(E)(11) applied to this case:

> The parent has had parental rights involuntarily terminated with respect to a sibling of the child * * * and the parent has failed to provide clear and convincing evidence to prove that, notwithstanding the prior termination, the parent can provide a

---

1. Both parties rely on R.C. 2151.414(B)(1), a statute that generally applies when a public children services agency files a motion for permanent custody after an initial disposition finding a child abused, neglected, or dependent. This is the same statute the juvenile court applied in granting permanent custody of C.S. to the agency in this case. Nevertheless, although applying the wrong statutory framework, the juvenile court made the necessary findings for granting permanent custody as required by R.C. 2151.353(A)(4).

legally secure permanent placement and adequate care for the
health, welfare, and safety of the child.

{¶ 26} Appellant argues that the trial court's determination was premature and unwarranted given the short amount of time after the birth of the child. She argues she demonstrated positive achievements, obtained housing and was gainfully employed, was drug-free for nine months, was actively involved in outpatient treatment and attended all visits and interacted well with the child.

{¶ 27} However, the trial court determined that appellant failed to provide clear and convincing evidence that she can provide a legally secure placement and adequately care for the health, welfare and safety of the child. The court found that although appellant has maintained sobriety, it was not enough for the agency to believe she was rehabilitated given the agency's involvement in the past five years of appellant's drug issues. The court also found that appellant "tries to tout being sober for the last nine months, but gives no credit to the fact that she was incarcerated for most of that time." The court further found appellant's argument that she "could have used drugs in jail" either unbelievable or shocking.

{¶ 28} In addition, appellant was living in a hotel with her mother and boyfriend, both of whom had issues with drugs, and her mother had a recent charge of domestic violence. The court also reviewed the history of appellant's involvement with the agency, including her two children born with drugs in their system who were eventually placed in the permanent custody of the agency. Given these facts, we find no error in the trial court's determination that appellant failed to establish by clear and convincing evidence that she could provide a legally secure placement and adequately care for the health, welfare and safety of the child.

{¶ 29} In considering the second factor, the court determined that it was in the child's best interest to grant permanent custody to the agency. Again, appellant argues that she was able to meet the child's needs and that reunification was possible within a reasonable

time.

{¶ 30} R.C. 2151.414(D)(1) provides that in considering the best interest of a child in a permanent custody hearing:

> [T]he court shall consider all relevant factors, including, but not limited to the following:
>
> > (a) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
> >
> > (b) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
> >
> > (c) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period * * *;
> >
> > (d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
> >
> > (e) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.

{¶ 31} In considering these factors, the court found that C.S. is thriving in her current placement, is developmentally on track and her foster family is meeting all her needs. The foster family has adopted her siblings and the court determined the child's only chance at stability is to be adopted, hopefully by the same foster family. The court further considered the fact that C.S. has been in the agency's custody from birth and that the Court Appointed Special Advocate recommended that the motion for permanent custody be granted. The court weighed the factors and determined that permanent custody was in the child's best

interest. We find the court's determination is supported by the record. Accordingly, appellant's first assignment of error is overruled.

{¶ 32} In her second assignment of error, appellant argues she received ineffective assistance of counsel and was prejudiced by counsel's failure to object throughout the hearing. Specifically, appellant argues that counsel failed to object to leading questions and argumentative questions, failed to object to questions regarding her mother's domestic violence "conviction," and failed to object to questions that assumed facts not in evidence. She also argues that her counsel asked questions that were not helpful to her.

{¶ 33} "A parent is entitled to the effective assistance of counsel in cases involving the involuntary termination of his or her parental rights." *In re B.J. & L.J*, 12th Dist. Warren Nos. CA2016-05-036 & CA2016-05-038, 2016-Ohio-7440, ¶ 68; *In re L.J.*, 12th Dist. Warren No. CA2014-10-124, 2015-Ohio-1567, ¶ 33. In determining whether counsel was ineffective in a permanent custody hearing, a reviewing court must apply the two-tier test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). *In re G.W.*, 12th Dist. Butler No. CA2013-12-246, 2014-Ohio-2579, ¶ 12. The parent must show that counsel's performance was outside the wide range of professionally competent assistance and that counsel's deficient performance prejudiced the parent. *Id.*

{¶ 34} "[A] reviewing court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the [parent] as a result of the alleged deficiencies." *Id.* at ¶ 13. To show that she was prejudiced by her counsel's deficient performance, the parent must show that there is "a reasonable probability that but for * * * her counsel's alleged errors, the result of the proceedings would have been different." *In re L.J.* at ¶ 33. A "reasonable probability" is one sufficient to undermine confidence in the outcome of the proceedings. *Id.*

{¶ 35} After reviewing the record, we find no merit to appellant's arguments that her

- 9 -

counsel was ineffective. The questions appellant argues are leading did not instruct the witness how to answer, nor were they argumentative or assume facts not in evidence. In addition, it is unclear from the record whether appellant's mother has a domestic violence conviction or was charged with the offense. More critically, appellant cannot establish there is a reasonable probability that the result of the hearing would have been different if counsel had objected to the issues she now raises. Accordingly, appellant's second assignment of error is overruled.

{¶ 36} Judgment affirmed.

HENDRICKSON, P.J., and RINGLAND, J., concur.