[Cite as *Hetlin v. Hetlin*, 2014-Ohio-4997.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

SAPNA BEDI-HETLIN,
NKA SAPNA BEDI,

     PLAINTIFF-APPELLANT,          CASE NO. 13-14-08

     v.

CHRISTOPHER HETLIN,          O P I N I O N

     DEFENDANT-APPELLEE.

Appeal from Seneca County Common Pleas Court
Domestic Relations Division
Trial Court No. 02-DR-0166

Judgment Affirmed

Date of Decision: November 10, 2014

APPEARANCES:

     *Andrew A. Zashin* for Appellant

     *Kent D. Nord* for Appellee

**ROGERS, J.**

{¶1} Appellant-Mother, Sapna Hetlin-Bedi ("Bedi"), appeals the judgment of the Court of Common Pleas of Seneca County, Domestic Division, terminating the shared parenting plan and naming Appellee-Father, Christopher Hetlin ("Hetlin") as V.H.'s residential parent and legal custodian. On appeal, Bedi argues that the trial court made the following errors: (1) denying her motion to appear by telephone; (2) granting Hetlin's motion to reallocate parental rights; (3) adopting the magistrate's decision; (4) summarily overruling her motion for a 14-day extension to file her objection to the magistrate's decision; (5) denying her request to have the court interview V.H. remotely; and (6) failing to conduct an independent review of the magistrate's decision. Bedi also argues that Hetlin failed to properly serve her with his motion to reallocate parental rights, and thus, the trial court did not have proper jurisdiction over the matter. For the reasons that follow, we affirm the trial court's decision.

{¶2} Hetlin and Bedi were married on February 25, 1998. They have one child together, V.H. On May 9, 2002, Bedi filed for divorce from Hetlin. On March 10, 2003, the trial court granted Bedi's request for divorce. It also issued a shared parenting plan designating Bedi as the residential parent. Pursuant to the shared parenting plan, Bedi was required to enroll V.H. into a school and notify Hetlin concerning "parent-teacher meetings, school club meetings, school

programs, athletic schedules * * *." (Docket No. 30, p. 5). Further, Bedi was supposed to furnish Hetlin with photocopies of V.H.'s report cards. Hetlin was given "parenting responsibilities for and companionship with [V.H.] each year on Father's Day and his own birthday[.]" (*Id.*).

{¶3} Without filing a notice of relocation, Bedi accepted a position as a designer and relocated to India with V.H. sometime in August 2003. Shortly after moving halfway across the world, Bedi changed V.H.'s name and enrolled her in a boarding school in India. Bedi did not inform Hetlin or the trial court of her move or the whereabouts of their child.

{¶4} On September 9, 2003, Bedi filed a motion asking the court to modify the visitation schedule established in the shared parenting plan because she had moved outside of Ohio with V.H. On October 1, 2003, Hetlin filed a motion wherein he alleged that Bedi had refused and denied him visitation with V.H., claimed he did not know the whereabouts of Bedi or V.H., and asked the court to appoint him as the residential parent. That same day he filed a "motion for charge of contempt" ("first motion for contempt") and alleged that Bedi had failed to abide by the shared parenting plan and denied him visitation with his minor child.

{¶5} On December 5, 2003, the trial court ruled, pursuant to an agreement between both parties, that Bedi could purge herself of any potential contempt by

returning V.H. for an extended visitation with Hetlin.[1]  The court also ordered

Hetlin to pay $400.00 to assist with the travel expenses.  However, on December

12, 2003, Bedi's attorney sent Hetlin a letter stating that he was returning Hetlin's

check for $400 because he had been "informed by [Bedi] that there are no tickets

available during the Holiday Season.  According to [Bedi], who has been

searching the Internet for a ticket, all seats are completely sold out."  (Docket No.

86, Exhibit A, p. 1).  This case then remained quiet for one year.

{¶6} While Bedi and V.H. were in Ohio on vacation in mid-December

2004, they inadvertently ran into Hetlin at a JCPenny.  V.H.'s maternal

grandmother arranged for Hetlin to have a visitation with V.H., which lasted from

December 22, 2004 to January 22, 2005.  It was agreed to that Hetlin would return

V.H. to Bedi on January 22, 2005, but he refused to do so.  As a result, Bedi had to

pick up V.H. at the Fostoria Police Department on January 23.

{¶7} On November 10, 2005, Bedi filed a motion to terminate the shared

parenting plan.  Bedi argued that the court should terminate the shared parenting

plan, name her as the residential parent, order Hetlin to pay child support, and

award her the tax exemption for V.H.

---

[1] We note that the trial court did not find Bedi in contempt at this point in the proceedings.  Instead, the trial court stated that "the Court finds that the parties have agreed to allow the plaintiff, Sapna Bedi-Hetlin, to purge herself of any potential contempt by returning the minor child of the parties, [V.H.], on December 26, 2003, for extended visitation with the father, Christopher A. Hetlin, from December 26, 2003 until January 2, 2004."  (Docket No. 44, p. 1).  We are not sure how Bedi could purge herself of contempt if there was no finding of contempt.  Regardless, this matter is not raised by either party and is of no relevance to the appeal.

{¶8} On May 19, 2006, Hetlin filed a motion for ruling on his first motion for contempt. In his motion, Hetlin argued that Bedi had failed to purge herself of contempt by denying him an extended visitation. Accordingly, Hetlin asked the court to find Bedi in contempt. On May 31, 2006, Hetlin filed a motion for second contempt citation ("second motion for contempt"), and alleged that Bedi failed to provide him with frequent and continuing contact with V.H.; failed to discuss matters pertaining to V.H.'s education; impeded and restricted communications by telephone or mail; failed to transmit to him information regarding parent-teacher conferences; failed to provide him with a photocopy of V.H.'s report cards; failed to authorize V.H.'s health care providers to release information concerning V.H. to Hetlin; and failed to make arrangements for visitation between V.H. and Hetlin.

{¶9} On January 23, 2008, the magistrate denied Bedi's motion to terminate the shared parenting plan and also denied Hetlin's first motion for contempt. However, the magistrate granted Hetlin's second motion for contempt. Bedi filed her objections to the magistrate's decision on February 5, 2008. On May 30, 2008, the trial court overruled Bedi's objections.

{¶10} Hetlin filed another motion for contempt ("third motion for contempt") on April 14, 2009, wherein he alleged that he has had no contact with V.H. since January 23, 2005. He also claimed that he has not received any information regarding his daughter. Bedi filed a motion for continuance, claiming

she was in India taking care of her grandmother and would be unable to come to the United States for three months. The trial court granted Bedi's request for a continuance and scheduled the matter for a hearing on September 16, 2009. Bedi filed a second motion for continuance on September 15, 2009, which the court denied.

{¶11} On September 29, 2009, the magistrate filed a decision, finding Bedi in contempt for a second time. The trial court then imposed a purge condition "of future compliance with the Court's Orders filed March 10,2 003 [sic], and purchase of an airline ticket for [V.H.]." (Docket No. 129, p. 2). Bedi then filed a motion wherein she requested the court allow her to file objections to the magistrate's decision after the expiration time due to the "distance between Seneca County and India, she did not have sufficient time to voice her objections to the Magistrate's Decision." (Docket No. 130, p. 1). Further, she objected to the requirement that she be required to purchase an airline ticket for her daughter to visit Hetlin during December 2009-January 2010, because "[V.H.] is too young to travel unaccompanied halfway around the work [sic] during the Christmas Holiday Season * * * [and Bedi] does not have resources to purchase a plane ticket for both her and her daughter * * *." (*Id.*).[2]

---

[2] We note that Bedi disclosed in one of her interrogatories that her new husband has a net worth of 18 million USD. Moreover, Bedi's father-in-law has a net worth of 30 million USD; her mother-in-law is a top fashion designer in India; and her sister-in-law owns a top fashion brand in India. (Docket No. 185, p. 4).

{¶12} On March 26, 2013, Hetlin filed a motion for change of parental rights ("motion for reallocation of parental rights"). In his motion Hetlin asked the court to name him the residential parent and legal custodian. That same day, Hetlin filed a motion for modification of child support.

{¶13} The magistrate allowed Bedi to appear via telephone at a pre-trial conference. At the conference, Bedi informed the court that she has been advised against traveling by her physician. The magistrate ordered Bedi to provide the court with medical verification of her inability to travel by May 31, 2013. Bedi did not file medical verification by the court's deadline. On July 30, 2013, two months past the deadline, Bedi filed her medical verification of her inability to travel. She gave no explanation on why it took her so long to file the necessary documentation. She also requested that she be allowed to appear via telephone at the August 14, 2013 hearing regarding modification of child support. The trial court granted Bedi's request to appear via telephone.

{¶14} At the August 14, 2013 child support modification hearing, Bedi did not call in to the court and was not present. The magistrate denied Hetlin's motion for modification of child support since Hetlin did not provide any evidence that would let the court determine his current income or Bedi's income.

{¶15} On October 1, 2013, Hetlin filed a motion requesting an in camera interview with V.H., which the trial court granted on October 8, 2013. The trial

court also granted Hetlin's request that Bedi be required to present V.H. at the reallocation of parental rights hearing on November 4, 2013. On October 23, 2013, Bedi filed a motion requesting that she and V.H. be allowed to appear at the reallocation of parental rights hearing via telephone. Bedi claimed that she had given birth on September 3, 2013, was breast feeding, and unable to travel. As to V.H., Bedi stated that she was unable to travel because her passport and visa had expired. The trial court denied Bedi's request to appear via telephone.

{¶16} The reallocation of parental rights hearing was held on November 4, 2013. Both Bedi and V.H. were absent from the hearing.

{¶17} The magistrate issued her decision on November 25, 2013, which recommended terminating the shared parenting plan and designating Hetlin as the residential parent. The magistrate found that Bedi's interference with visitation was a change of circumstances and that it was in the best interests of V.H. to be in the custody of her father.

{¶18} On December 6, 2013, Bedi filed a motion requesting 14 additional days to file objections to the magistrate's decision. Bedi argued that "November 28th, 29th, 30th, and December 1st were non-working days. Therefore, Plaintiff was deprived of 4 of the 14 days to prepare said objections." (Docket No. 189, p. 1). The trial court denied Bedi's request that same day. Bedi then objected to the

magistrate's decision on December 9, 2013. In her "objections" Bedi only argued that the magistrate erred in not permitting Bedi or V.H. to appear via telephone.

{¶19} On December 12, 2013, the trial court overruled Bedi's objection.[3] On January 9, 2014, Bedi appealed this decision to this court. However, on January 25, 2014, we dismissed the appeal because it was not a final, appealable order. Specifically, the trial court's decision did not reflect that the court had adopted the recommendations of the magistrate or filed an independent judgment ordering the specific relief afforded.

{¶20} On February 12, 2014, the trial court independently reviewed the evidence and overruled Bedi's objection to the magistrate's decision. As a result, the trial court designated Hetlin as the residential parent and terminated the shared parenting plan.

{¶21} Bedi timely appealed this judgment, presenting the following assignments of error for our review.

*Assignment of Error No. I*

**THE TRIAL COURT'S DENIAL OF APPELLANT'S MOTION TO APPEAR BY TELEPHONE DEPRIVED HER OF A MEANINGUL OPPORTUNITY TO BE HEARD ON APPELLEE'S MOTION TO REALLOCATE PARENTAL RIGHTS AND RESPONSIBILITIES IN VIOLATION OF THE**

---

[3] We note that in the trial court's first entry filed on December 12, 2013, it incorrectly labeled Bedi's objection to the magistrate's decision as a "motion to set aside the magistrate's decision." However, in its second entry filed on February 12, 2014, the trial court correctly acknowledged that Bedi had filed an objection to the magistrate's decision, not a motion to set aside the magistrate's decision. *See* (Docket Nos. 192 & 198).

**DUE PROCESS CLAUSES OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION AS WELL AS RULE 611 OF THE OHIO RULES OF EVIDENCE.**

*Assignment of Error No. II*

**THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION TO REALLOCATE PARENTAL RIGHTS AND RESPONSIBILTIES [SIC] SINCE THE GROUNDS FOR THAT MOTION WERE BARRED BY RES JUDICATA[.]**

*Assignment of Error No. III*

**THE TRIAL COURT ERRED IN ADOPTING THE NOVEMBER 25, 2013 MAGISTRATE'S DECISION AND GRANTING APPELLEE'S MOTION FOR THE REALLOCATION OF PARENTAL RIGHTS AND RESPONSIBILITIES DUE TO A LACK OF SUFFICIENT COMPETENT AND CREDIBLE EVIDENCE IN SUPPORT THEREOF.**

*Assignment of Error No. IV*

**THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR THE REALLOCATION OF PARENTAL RIGHTS AND RESPONSIBILITIES BECAUSE HE WAIVED ANY SUCH RIGHT BY FAILING TO SEEK THAT RELIEF IN HIS PRIOR SECOND MOTION TO FIND APPELLANT IN CONTEMPT OF COURT BASED UPON THE SAME FACTUAL CONDUCT.**

*Assignment of Error No. V*

**THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT SUMMARILY OVERRULED APPELLANT'S MOTION FOR A FOURTEEN DAY EXTENSION OF TIME TO FILE HER OBJECTIONS TO THE MAGISTRATE'S NOVEMBER 25, 2013 DECISION**

**THUS DENYING HER A MEANINGFUL OPPORTUNITY TO FILE HER OBJECTIONS.**

*Assignment of Error No. VI*

**THE TRIAL COURT ERRED AND COMMITTED REVERSIBLE ERROR BY DENYING APPELLANT'S REQUEST TO HAVE THE COURT INTERVIEW THE PARTIES' MINOR CHILD REMOTELY.**

*Assignment of Error No. VII*

**THE TRIAL COURT'S JUDGMENT IS VOID AB INITIO DUE TO APPELLEE'S FAILURE TO OBTAIN PROPER SERVICE OF HIS POST-DECREE MOTION TO REALLOCATE PARENTAL RIGHTS AND RESPONSIBILITIES AS REQUIRED BY CIV. R. 75(J).**

*Assignment of Error No. VIII*

**THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO PROPERLY CONDUCT AN INDEPENDENT REVIEW OF THE MAGISTRATE'S DECISION AS REQUIRED BY CIV. R. 53 BY SUMMARILY OVERRULING APPELLANT'S OBJECTIONS WITHIN THREE (3) DAYS OF THEIR FILING.**

**{¶22}** Due to the nature of the assignments of error, we elect to address them out of order.

**{¶23}** Before addressing the merits of Bedi's assignments of error, we must first note the poor effort of Hetlin's attorney in writing his brief. Bedi has raised eight assignments of error and Hetlin's counsel has only cited two cases in his entire brief. In fact, counsel for Hetlin often addresses two to three assignments of error in a single page, by making conclusory statements without any legal support.

-11-

*See* Appellee's Br., p. 13, 14.  This is violative of App.R. 16(A)(7) which requires that arguments, with respect to each assignment of error, be supported "with citations to the authorities, statutes, and parts of the record on which [appellee] relies."  *See also* App.R. 16(B) ("The brief of the *appellee* shall conform with the requirements of divisions (A)(1) to (A)(8) of this rule * * *.").  Hetlin's appellee brief mostly highlights the egregious conduct of Bedi and seems to use it as a reason to affirm the trial court's decision.  However, we decide cases based on the law, not on emotions.  As such, we need appellants, as well as appellees, to support their arguments with the relevant case law, statutes, and citations to the record.  Regardless of Hetlin's deficient brief, this court is still required to decide the case on the merits of the assignments of error.  App.R. 12(A)(1)(b).

*Assignment of Error No. VII*

{¶24} In her seventh assignment of error, Bedi argues that the trial court failed to gain personal jurisdiction over Bedi because she was not properly served pursuant to Civ.R. 75(J).  We disagree.

{¶25} "Generally, the continuing jurisdiction of the domestic relations court is invoked by the filing of a motion and service of process pursuant to Civ.R. 75(J)." *Laver v. Laver*, 3d Dist. Henry No. 7-08-01, 2008-Ohio-6068, ¶ 8.  When a party fails to invoke the continuing jurisdiction of the trial court by not meeting the requirements for service of process, that court is without personal jurisdiction

to enter judgment upon the motion. *Stuber v. Stuber*, 3d Dist. Allen No. 1-06-101, 2007-Ohio-3981, ¶ 5, citing *Corrao v. Corrao*, 11th Dist. Lake No. 2005-L-014, 2006-Ohio-1686, ¶ 12. Thus, when continuing jurisdiction is not properly invoked, any action taken by the court is " 'erroneous, and for that reason alone, the remaining assignments of error are well-taken.' " *Hansen v. Hansen*, 21 App.3d 216, 219 (3d Dist.1985), quoting *In re James*, 3d Dist. Henry Nos. 7-80-10, 7-80-11, 7-80-12, 1981 WL 6749, *2 (Dec. 24, 1981).

{¶26} However, when a party appears in court, fails to object to improper service pursuant to Civ.R. 75(J) and defends on the merits of the case, the party will waive the issue of service. *See Laver* at ¶ 9; *see also Cooper v. Cooper*, 10 Ohio App.3d 143, 145 (3d Dist.1983).

{¶27} Here, Hetlin filed his motions for reallocation of parental rights and child support on March 26, 2013. At a pretrial hearing, Bedi's counsel and Bedi, via telephone, were present. However, it does not appear from the record that they made a limited appearance or challenged service of process. Another hearing on Hetlin's motions was held on August 14, 2013. Although Bedi had requested to be present via telephone, she failed to call in to the court. However, her counsel was present and cross-examined Hetlin, but again failed to make a limited appearance or raise the issue of proper service. Once more, at the November 4, 2013 hearing, Bedi failed to challenge the service of process and instead, her

attorney defended the motion on the merits of the case. Therefore, Bedi has waived the issue.

{¶28} Accordingly, we overrule Bedi's seventh assignment of error.

*Assignments of Error Nos. II & IV*

{¶29} In her second and fourth assignments of error, Bedi asserts that Hetlin was unable to file a motion for reallocation of parental rights because of the doctrines of res judicata and waiver. We disagree.

{¶30} Bedi did not raise the issue of res judicata or waiver at the trial court level. Since these arguments were not made before the trial court, and the trial court never had an opportunity to consider them, we will not address these arguments for the first time on appeal. "It is well-established that a party may not raise any new issues or legal theories for the first time on appeal." *Dolan v. Dolan*, 11th Dist. Trumbull Nos. 2000-T-0154, 2001-T-0003, 2002-Ohio-2440, ¶ 7; *see also BP Communications Alaska, Inc. v. Cent. Collection Agency*, 136 Ohio App.3d 807, 812 (8th Dist.2000) ("Affirmative defenses must be raised in a responsive pleading or they will be considered waived."); *Agosta v. City of Lancaster*, 5th Dist. Fairfield No. 28-CA-86, 1986 WL 12654, *3 ("We further observe that appellee did not raise the res judicata defense until this case was on 'appeal' before the Court of Common Pleas. Where a former adjudication is

sought to be used as a defense, such judgment must be pleaded, and failure to do so results in a waiver of that defense.").

{¶31} Accordingly, we overrule Bedi's second and fourth assignments of error.

*Assignment of Error No. I*

{¶32} In her first assignment of error, Bedi argues that the trial court erred in denying her request to appear via telephone at the reallocation of parental rights hearing and by denying her request to conduct an in camera interview with V.H. via telephone. We disagree.

{¶33} "The right to procedural due process is found in the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution." *City of Youngstown v. Traylor*, 123 Ohio St.3d 132, 2009-Ohio-4184, ¶ 8. "A fundamental requirement of due process is 'the opportunity to be heard' * * * at a meaningful time and in a meaningful manner." *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187 (1965), quoting *Grannis v. Ordean*, 234 U.S. 385, 394, 34 S.Ct. 779, 783 (1914).

{¶34} It is well-established that a trial judge has the power to regulate court proceedings. *Lisboa v. Lisboa*, 8th Dist. Cuyahoga No. 92321, 2009-Ohio-5228, ¶ 19. Likewise, a magistrate is "authorized to regulate the proceedings and to do everything necessary for the efficient performance of its responsibilities."

*Regalbuto v. Regalbuto*, 8th Dist. Cuyahoga No. 99604, 2013-Ohio-5031, ¶ 13, citing Civ.R. 53(C)(2). Therefore, a " 'ruling or order by the court affecting the conduct of the trial will not be reversed unless the complaining party demonstrates a prejudicial abuse of discretion.' " *Lisoba* at ¶ 19, quoting *Holm v. Smilowitz*, 83 Ohio App.3d 757, 771-772 (4th Dist.1992).

*Bedi's Request to Appear Via Telephone*

**{¶35}** Throughout this matter, the magistrate reasonably accommodated Bedi's requests. For example, the magistrate allowed Bedi to appear via telephone at a pretrial conference and at the child support modification hearing. However, after obliging Bedi's request, Bedi showed no respect for the magistrate or the judicial system. First, she refused to file the proper medical verification within the magistrate's deadline. Instead, she waited until two months after the deadline, and then offered no excuse or explanation as to her delay. Then Bedi failed to call in to the court on the day of the child support modification hearing, after requesting that she be allowed to appear telephonically. Again, she offered no apology or proper excuse to justify her actions.[4] It was well within the magistrate's discretion to refuse Bedi's request to appear telephonically again, after she failed to obey the magistrate's orders.

---

[4] Instead, Bedi stated that she did not call in to the court for the child support modification hearing because "the matter of child support was not of concern to her." (Docket No. 191, p. 2). If it was of no concern to her, we do not understand why she would waste the court's time and resources to rule on a motion to allow her to appear at the child support modification hearing via telephone.

**{¶36}** Bedi argues that denying her the opportunity to appear at the hearing denied her right to present evidence and cross-examine witnesses. However, she ignores the fact that by appearing telephonically, she would hinder Hetlin's right to adequately cross-examine her. Further, by appearing telephonically, Bedi would not be able to view documents or physical evidence, and the magistrate would not be able to observe Bedi's demeanor. These are serious concerns a magistrate must weigh when allowing a person to testify telephonically, and the court was within its discretion to deny Bedi's request.

**{¶37}** Moreover, Bedi's claims that the magistrate's actions prohibited her from presenting evidence at the reallocation hearing. She asserts that it was "*physically and legally impossible * * ** to comply with the Magistrate's order and * * * appear personally for trial * * *.*" (Emphasis sic.) Appellant's Br., p. 10. If this was true, Bedi could have offered her deposition, as well as V.H.'s, at the reallocation of parental rights hearing. Pursuant to Civ.R. 30(A) after the commencement of an action, "any party may take the testimony of any person, *including a party*, by deposition upon oral examination." Further, "The parties may stipulate in writing or the court may upon motion order that deposition be taken by telephone." Civ.R. 30(B)(6). "Thereafter, a deposition intended to be presented as evidence must be filed at least one day before the trial * * *." *In re Hale*, 7th Dist. Belmont No. 01 BA 21, 2002 WL 407877, *2, citing Civ.R. 32(A).

After being filed with the court, the deposition may be used at the trial or hearing against any party who was represented at the deposition or had reasonable notice of the deposition. *Hale* at *2.

{¶38} Therefore, Bedi had alternative avenues to offer testimony and evidence at the allocation hearing, which she chose not to utilize. Moreover, Bedi has family in northwest Ohio who could have been called as witnesses by her trial counsel. We also note that her counsel was present at the hearing and cross-examined Hetlin. As such, we cannot find that the trial court abused its discretion in denying Bedi's request to appear telephonically at the allocation of parental rights hearing.

*Request to Conduct V.H.'s In Camera Interview Remotely*

{¶39} The Ohio Supreme Court has held that " '[a]ppeal lies only on behalf of a party aggrieved by the final order appealed from. Appeals are not allowed for the purpose of settling abstract questions, but only to correct errors injuriously affecting the appellant.' " *Ohio Domestic Violence Network v. Pub. Util. Comm.*, 65 Ohio St.3d 438, 439, (1992), quoting *Ohio Contract Carriers Assn. v. Pub. Util. Comm.*, 140 Ohio St. 160 (1942), syllabus. Generally, an appellant does not have standing to argue issues that affect another person. *Benjamin v. Ernst & Young, L.L.P.*, 167 Ohio App.3d 350, 2006-Ohio-2739, ¶ 4 (10th Dist.). Instead, an appellant "may 'complain of an error committed against a nonappealing party

when the error is prejudicial to the rights of the appellant.' " *Id.*, quoting *In re Smith*, 77 Ohio App.3d 1, 12 (6th Dist.1991); *see also In re McCann*, 12th Dist. Clermont No. CA2003-02-017, 2004-Ohio-283, ¶ 57; *In re Hiatt*, 86 Ohio App.3d 716, 721 (4th Dist.1993).

**{¶40}** We note that it was Hetlin, not Bedi, who requested the in camera interview. Therefore, Bedi cannot complain about the failure of the trial court to grant a non-appealing party's motion, unless she can demonstrate how the alleged error prejudiced her. She fails to do this. Instead, she only argues that because Hetlin requested the interview, and the trial court was required to conduct one, we must reverse the trial court's judgment. She does not explain how her rights were affected by the denial, or assert that an interview with V.H. would have revealed that it was in V.H.'s best interests to remain in Bedi's custody. Without these arguments, Bedi fails to establish how she was prejudiced.

**{¶41}** Even if we were to find that Bedi could properly raise this issue on appeal, it is meritless. R.C. 3109.04(B)(1) states that "the court, in its discretion, may and, upon request of either party, shall interview in chambers any or all of the involved children regarding their wishes and concerns with respect to the allocation." Once Hetlin requested an in camera interview of V.H., the court scheduled an interview for 8:30 a.m. on November 4, 2013. Bedi argues that it was error for the court to deny her request to interview V.H. remotely. However,

Bedi cites no case law that requires a court to conduct an in camera interview remotely when the custodial parent makes the child unavailable. While Bedi argues that V.H. could not travel because of an expired passport and visa, Bedi did not provide the court with any evidence that would demonstrate that V.H.'s passport or visa was actually expired. Further, Bedi was ordered to allow Hetlin visitation with V.H. during the child's holiday vacation. Thus, she was obligated to keep V.H.'s passport and visa up to date.[5]

**{¶42}** The court ordered Bedi to bring V.H. to an in camera interview, which she refused to do. She cannot now complain that the trial court erred by failing to conduct such an interview.

**{¶43}** Accordingly, we overrule Bedi's first and sixth assignments of error.

*Assignment of Error No. III*

**{¶44}** In her third assignment of error, Bedi argues that the trial court erred in adopting the magistrate's decision because there was a lack of sufficient competent and credible evidence in support thereof. We disagree.

**{¶45}** An appellant has a duty to ensure that the record necessary to evaluate the assignment of error is filed with the appellate court. *State v. Williams*, 73 Ohio St.3d 153, 160-161 (1995); App.R. 9(B). Where an appellant fails to include a necessary portion of the record, we must presume regularity in

---

[5] We note that at oral arguments, counsel for Bedi argued that Hetlin was responsible for the delay in the issuance of a new passport and visa for V.H. However, there is no evidence in the record that supports his assertion.

the trial court's proceedings. *State v. West*, 3d Dist. Auglaize No. 2-06-04, 2006-Ohio-5834, ¶ 34. Since Bedi did not provide this court with a transcript of the November 4, 2013 hearing on the termination of shared parenting plan and reallocation of parental rights, we must presume validity of the lower court's proceedings and affirm.[6]

{¶46} We also note that under Civ.R. 53(D)(3)(b)(iv), "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." *See also Johns v. Johns*, 9th Dist. Summit No. 26393, 2013-Ohio-557, ¶ 17. In Bedi's objections, she only objected to the denial of her motion to conduct V.H.'s in camera interview remotely. Because Bedi does not argue on appeal that the court plainly erred, Bedi has forfeited this argument.

{¶47} Accordingly, we overrule Bedi's third assignment of error.

*Assignment of Error No. V*

{¶48} In her fifth assignment of error, Bedi contends that the trial court erred by summarily denying her motion to file her objections to the magistrate's decision past the 14-day deadline. We disagree.

---

[6] We note that the docket states that on January 17, 2014, a "Transcript of proceedings from 11-4-13" was filed as docket number 197. However, docket number 197 is actually the transcript of proceedings from the September 9, 2013 hearing. Regardless of what happened, "The duty to provide a transcript for appellate review falls upon the appellant." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).

{¶49} "A trial court has broad discretion in determining whether to grant a motion for an extension of time and the court's decision will not be reversed on appeal absent an abuse of discretion." *Reimund v. Reimund*, 3d Dist. Hancock No. 5-04-52, 2005-Ohio-2775, ¶ 12, citing *Miller v. Lint*, 62 Ohio St.2d 209, 213-214 (1980). Under Civ.R. 53(D)(3)(b)(i), "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision * * *." "In the unusual circumstance that service of a magistrate's decision is not made, or is served in an untimely manner, Civ.R. 53(D)(5) provides that either party may, 'for good cause shown,' move the trial court to set aside the magistrate's decision or extend the time for filing objections to the report." *Watley v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 06AP-1128, 2007-Ohio-1841, ¶ 10.

{¶50} Here, the magistrate's decision was issued on November 25, 2013. Bedi argues that she lost four days to prepare her objections because of the Thanksgiving holiday and subsequent weekend. Because of the holiday, she did not have a meaningful opportunity to respond to the magistrate's decision. However, Bedi did not file her motion for extension until *three days before* the deadline. Moreover, in her motion, she did not ask for a four-day extension to make up for the four days her attorney missed because of the holiday. Instead, she asked for an additional *fourteen days*, without any explanation as to why she needed that much time to prepare sufficient objections to the magistrate's decision.

{¶51} We also note that the Ohio Rules of Civil Procedure provides that "[w]hen the period of time prescribed or allowed is *less than seven days*, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Civ.R. 6(A). Thus, it is apparent that the Civil Rules of Procedure contemplated that holidays and intermediate Saturdays and Sundays will be counted towards the computation of time when the period of time prescribed is *more than seven days*.

{¶52} Lastly, the cases Bedi cites in support of her argument are distinguishable. For example, in *Third Fed. S. & L. Assn. v. Haupt*, 9th Dist. Lorain No. 12CA010306, 2014-Ohio-348, the court found that the appellant had not received notice that the magistrate had issued its decision, and thus, did not have a meaningful opportunity to file objections and preserve her rights on appeal. *Id.* at ¶ 12. On appeal, Bedi does not dispute that she received notice of the magistrate's decision on November 25, 2013.

{¶53} In *Skydive Columbus Ohio, L.L.C. v. Litter*, 10th Dist. Franklin No. 09AP-563, 2010-Ohio-3325, another case cited by Bedi, the court found that the appellants had a sufficient and meaningful opportunity to file objections to the magistrate's decision despite only receiving notice of the decision five days before the 14-day filing period expired. *Id.* at ¶ 11. Thus, *Skydive* stands for the proposition that receiving notice five days before the deadline still provides a

meaningful opportunity to file objections. Not only did Bedi receive notice of the magistrate's decision, but she was able to file her objection within the 14-days deadline.

{¶54} Therefore, the cases Bedi cites are not persuasive and do not control the disposition of this matter. Since Bedi has not demonstrated "good cause" for why the court should have allowed her requested extension to file her objections to the magistrate's order, her arguments are not well-taken.

{¶55} Accordingly, we overrule Bedi's fifth assignment of error.

*Assignment of Error No. VIII*

{¶56} In her eighth assignment of error, Bedi contends that the trial court erred in summarily overruling her objections to the magistrate's decision. We disagree.

{¶57} We review a trial court's adoption of a magistrate's decision under an abuse of discretion standard. *Figel v. Figel*, 3d Dist. Mercer No. 10-08-14, 2009-Ohio-1659, ¶ 9, citing *Marchel v. Marchel*, 160 Ohio App.3d 240, 2005-Ohio-1499, ¶ 7 (8th Dist.). A trial court will be found to have abused its discretion when its decision is contrary to law, unreasonable, not supported by the evidence, or grossly unsound. *State v. Boles*, 187 Ohio App.3d 345, 2010-Ohio-278, ¶ 16-18 (2d Dist.). When applying the abuse of discretion standard, a reviewing court may

not simply substitute its judgment for that of the trial court. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

Civ.R. 53(D)(4)(d) states:

> If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law. Before so ruling, the court may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate.

**{¶58}** Pursuant to Civ.R. 53(D)(4)(b), the trial court's review of a magistrate's decision is de novo. *Goldfuss v. Traxler*, 3d Dist. Wyandot No. 16-08-12, 2008-Ohio-6186, ¶ 7, citing *Stumpff v. Harris*, 2d Dist. Montgomery No. 21407, 2006-Ohio-4796, ¶ 16. While a trial court is required to independently review the record and make its own factual and legal findings, the trial court may rely upon the magistrate's credibility determinations when it reviews the magistrate's decision. *Gilleo v. Gilleo*, 3d Dist. Mercer No. 10-10-07, 2010-Ohio-5191, ¶ 47, citing *Hendricks v. Hendricks*, 3d Dist. Van Wert No. 15-08-08, 2008-Ohio-6754, ¶ 25, citing *Osting v. Osting,* 3d Dist. Allen No. 1–03–88, 2004–Ohio–4159. After completing its de novo review the trial court may adopt, reject, or modify the magistrate's decision. *Tewalt v. Peacock,* 3d Dist. Shelby No. 17–10–18, 2011–Ohio–1726, ¶ 31. A trial court's failure to conduct an independent

review in accordance with Civ.R. 53 is an abuse of its discretion. *Figel* at ¶ 10, citing *In re Scarborough,* 12th Dist. Warren No. CA99–05–054, 1999 WL 1057229, *3 (Nov. 22, 1999).

**{¶59}** An appellate court presumes that a trial court performed an independent analysis of a magistrate's decision. *Gilleo* at ¶ 46, citing *Mahlerwein v. Mahlerwein,* 160 Ohio App.3d 564, 2005–Ohio–1835, ¶ 47 (4th Dist.), citing *Hartt v. Munobe,* 67 Ohio St.3d 3, 7 (1993). Therefore, the party asserting error must affirmatively demonstrate that the trial court failed to conduct an independent analysis. *Gilleo* at ¶ 46, citing *Mahlerwein* at ¶ 47.

**{¶60}** Bedi contends that the trial court erred when it summarily overruled Bedi's objection to the magistrate's decision only three days after her objection was filed. She also argues that the trial court could not have conducted an independent review of the proceedings because a transcript had not been prepared or filed at the time the court made its decision, nor did it wait for Hetlin to respond to Bedi's objection. Bedi then accuses the trial court of denying her objection merely as a "sanction for a perceived transgression against the court * * *." Appellant's Br., p. 20.

**{¶61}** We note that the trial court's first entry addressing Bedi's objection was filed three days after the filing of her objection. However, this court dismissed Bedi's first appeal because the trial court did not adopt the

recommendations of the magistrate in an independent judgment ordering the specific relief afforded. The trial court then filed a second entry on February 13, 2014, two months after the filing of Bedi's objection. The judgment entry specifically referenced Bedi's objection as well as Hetlin's response to the objection. It also made its own findings and ordered that the shared parenting plan be terminated and designated Hetlin as the residential parent.

**{¶62}** Therefore, Bedi has failed to affirmatively prove that the judge failed to make an independent analysis.

**{¶63}** Accordingly, we overrule Bedi's eighth assignment of error.

**{¶64}** Having found no error prejudicial to Bedi in the particulars assigned and argued, we affirm the trial court's judgment.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and PRESTON, J., concur.**

**/jlr**